2009 WY 134

**Dwayne Earl POND, Appellant (Defendant),**

v.

**Cathy Jo POND, Appellee (Plaintiff).**

No. S–08–0253.

Supreme Court of Wyoming.

Nov. 6, 2009.

Representing Appellant: Dwight F. Hurich, Hurich Law Office, Gillette, Wyoming.

Representing Appellee: Rex O. Arney and Vincent P. Schutte of Brown, Drew & Massey, LLP, Sheridan, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] This appeal arises out of the divorce of Cathy Jo Pond (Wife) from Dwayne Earl Pond (Husband). Husband appeals the property settlement portion of the decree of divorce. We affirm.

### ISSUE

[¶ 2] Husband brings the following issue for our review:

Did the Trial Court abuse its discretion in making an equitable division of the assets and debts of the parties, when the Trial Court provided the marital estate should be equalized but then failed to consider the debts each party would take, when the Trial Court ordered Appellant to pay Appellee $58,959.11?

### FACTS

[¶ 3] Husband and Wife were married in 1990. Shortly after the marriage, Wife received settlement money in the amount of $74,000 for injuries sustained in a premarital accident. The money was for future medical care and surgeries. During the course of the marriage, the parties purchased nine lots in a subdivision of Gillette called Oriva Hills. The marital home is built on two of the lots. The other seven lots remain undeveloped except for fencing and some water improvements.

[¶ 4] The marriage had problems. From the beginning of the marriage, Husband was controlling and dictated such things as Wife's style of dress, her associations, and her schedule. Husband on one occasion committed spousal rape. Wife ultimately engaged in improper relations with other men. In October 2006, Husband told Wife to get out of the marital residence. Wife began looking for a place to stay and moved out of the marital residence in January 2007. Wife left with little. Almost immediately after Wife moved out, Husband began renting a portion of the marital residence to strangers and eventually moved in his extended family, including his parents, sister and nephew, all to the exclusion of Wife.

[¶ 5] The divorce case went to trial. Because of the hostilities between the parties, the district court determined "[t]he best possible resolution for both parties is to divide them and their property as quickly as possible and minimize their necessary future dealings with each other as to property and debts." The district court began by excluding from the marital estate $45,000, determining it solely belonged to Wife as part of a personal injury settlement she received for a premarital accident. It also excluded an annuity valued at $7,744.20 purchased by Wife with her settlement proceeds.

[¶ 6] The district court awarded Husband the marital residence and the two lots upon which it was situated. It awarded Wife the seven other unimproved lots. Other marital assets were distributed. Husband was assigned $114,106 in debt, consisting primarily of the mortgage on the marital residence. Wife was assigned $12,917 in debt. The district court ordered Husband to pay $58,959.11 to Wife to "equalize the marital estate."

## DISCUSSION

[¶ 7] The issue presented by this appeal involves the manner in which the district court divided the marital estate. The disposition of marital property is committed to the sound discretion of the district court. We will not disturb the result absent a manifest abuse of that discretion. *Odegard v. Odegard,* 2003 WY 67, ¶ 10, 69 P.3d 917, 920–21 (Wyo.2003); *Mann v. Mann,* 979 P.2d 497, 500 (Wyo.1999); *France v. France,* 902 P.2d 701, 703 (Wyo.1995); *Neuman v. Neuman,* 842 P.2d 575, 578 (Wyo.1992). Judicial discretion is made up of many things, including conclusions reached from objective criteria, as well as exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. We are required to ask ourselves whether the trial court could reasonably conclude as it did and whether or not any facet of its ruling was arbitrary or capricious. *Holland v. Holland,* 2001 WY 113, ¶ 8, 35 P.3d 409, 412 (Wyo.2001). We will find an abuse of discretion only when the disposition shocks the conscience of the Court and appears so unfair and inequitable that reasonable persons could not abide it. *France,* 902 P.2d at 703.

[¶ 8] Dividing a marital estate is not necessarily a mechanical process but rather is guided by considering the factors in Wyo. Stat. Ann. § 20–2–114 (LexisNexis 2009):

In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children. The court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability to pay and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by either party.

See also *Stoker v. Stoker,* 2005 WY 39, ¶ 22, 109 P.3d 59, 65 (Wyo.2005); *Paul v. Paul,* 616 P.2d 707, 712 (Wyo.1980); *Young v. Young,* 472 P.2d 784, 785 (Wyo.1970). The district court has the discretion to determine what weight should be given each of these individual factors and to form a distributive scheme appropriate to the peculiar circumstances of each individual case. *Wallop v. Wallop,* 2004 WY 46, ¶ 26, 88 P.3d 1022, 1030 (Wyo.2004); *Carlton v. Carlton,* 997 P.2d 1028, 1032 (Wyo.2000); *Barney v. Barney,* 705 P.2d 342, 346 (Wyo.1985). The goal of marital property division is to reach an equitable result.

[¶ 9] The trial court is in the best position to assess witness credibility and weigh their testimony and is therefore in a better position than this Court to judge the respective merits and needs of the parties. *Metz v. Metz,* 2003 WY 3, ¶ 6, 61 P.3d 383, 385 (Wyo.2003); *Raymond v. Raymond,* 956 P.2d 329, 332 (Wyo.1998). We, therefore, give considerable deference to its findings. In accomplishing our review, we consider only the evidence in favor of the successful party, ignore the evidence of the unsuccessful party, and grant to the successful party every reasonable inference that can be drawn from the record. *Sweat v. Sweat,* 2003 WY 82, ¶ 6, 72 P.3d 276, 278 (Wyo.2003).

[¶ 10] In the instant appeal, Husband contends that, by using the term "equalize," the district court intended both parties to receive roughly equivalent dollar amounts from the division of the marital estate. Husband by and large accepts the district court's valuation and division of assets. By Husband's calculations, once marital debts are taken into account along with the asset valuation, the division of the entire marital estate would be roughly monetarily equal without any further payment by him to Wife. Thus, according to Husband, the district court abused its discretion in ordering him to pay an additional $58,969.11 to Wife.

[¶ 11] The maintenance of Husband's position requires an assumption as to the district court's ultimate intent when it employed the term "equalize." While the term "equalize" suggests an intent to make something

equal, it does not give a context. In Wyoming, the distribution of a marital estate is equalized within the context of the respective equities of the parties. In other words, in a divorce proceeding a district court is required to divide property equitably, not necessarily monetarily equally. Indeed, this Court has consistently held a just and equitable distribution is as likely as not to be monetarily unequal. *Moss v. Moss*, 2007 WY 67, ¶ 6, 156 P.3d 316, 318 (Wyo.2007) ("marital property division does not have to be equal to be just and equitable"); *DeJohn v. DeJohn*, 2005 WY 140, ¶ 12, 121 P.3d 802, 807 (Wyo.2005).

[¶ 12] We find nothing in the record or the district court's final order to support Husband's assumption that the district court intended to order a 50/50 monetary split.[1] Specifically, we find no evidence that the district court failed to take into account the debts of the parties in reaching its final distributive scheme. At trial, Husband introduced an exhibit representing the marital debts. The district court, in its final order, expressly accepted the exhibit as accurately reflecting the debts. The final order explicitly divided the debt between the parties as the district court determined equitable. The district court then ordered Husband to pay Wife to equalize the "marital estate," not just the marital assets. It is extremely doubtful the district court neglected to take the marital debt into account in its decision when the final order so thoroughly discusses the debt.[2]

Since all existing indicators point to the district court's final order "equalizing" the marital estate with both the assets and the liabilities in mind, we conclude that, when it used the term "equalize," the district court intended to divide the property equitably but not equally.

[¶ 13] Husband makes a cursory argument that the overall distribution was inequitable. He does not, however, offer any analysis to support this conclusion except to focus again on his perceived failure of the district court to factor in the debt of the respective parties in its distributive scheme. As already stated, we have no reason to believe the district court did not factor the debt in its equation.

### Attorneys' fees

[¶ 14] Wife argues there was no reasonable cause for this appeal, and she therefore is entitled to attorneys' fees pursuant to W.R.A.P. 10.05.[3] She argues Husband violated the Wyoming Rules of Appellate Procedure in several regards, including insufficient citations to the record, lack of cogent argument, and lack of citation to pertinent authority.

[¶ 15] It should be well-known by now that this Court typically does not impose sanctions when an appeal challenges a district court's discretionary ruling. *Montoya v. Navarette–Montoya*, 2005 WY 161, ¶ 9, 125 P.3d 265, 269 (Wyo.2005); *Russell v.*

---

1. Husband strenuously argues the district court's intention to make a monetarily equal division of the marital estate can be gleaned from its initial decision letter. However, the decision letter was not incorporated into the final order and therefore was superseded by the final order. Until a final order is entered, a court is free to change its mind. *Forbis v. Forbis*, 2009 WY 41, ¶ 8, 203 P.3d 421, 423 (Wyo.2009) (the district court was not bound by its oral pronouncement concerning the disposition of marital property); *Madigan v. Maas*, 2005 WY 91, ¶ 11, 117 P.3d 1194, 1197 (Wyo.2005). Therefore, it is only the district court's language in the final order that is pertinent.

2. It is also highly unlikely the district court failed to take the debt into account since the record reflects some form of discussion between the parties and the district court, between the time of the initial decision letter and the final order, seemingly exactly on this point. No record of

the literal discussion, however, is available to this Court.

3. W.R.A.P. 10.05 provides:

If the judgment or appealable order is affirmed in a civil case, appellee shall recover the cost for publication of the brief with the cost to be computed at the rate allowed by law for making the transcript of the evidence. If the court certifies there was no reasonable cause for the appeal, a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case. The amount for attorneys' fees shall not be less than one hundred dollars ($100.00) nor more than five thousand dollars ($5,000.00). The amount for damages to the appellee shall not exceed two thousand dollars ($2,000.00).

*Russell,* 948 P.2d 1351, 1356 (Wyo.1997). It is true that, under rare circumstances, this Court will award sanctions, but only when the appeal is so lacking in merit it results in an obvious waste of judicial resources, or when rule violations are particularly egregious. *See, e.g., Osborn v. Kilts,* 2006 WY 142, ¶ 16, 145 P.3d 1264, 1268 (Wyo.2006); *Montoya,* ¶ 9, 125 P.3d at 269; *Welch v. Welch,* 2003 WY 168, ¶ 13, 81 P.3d 937, 940 (Wyo.2003). While we agree that Husband's appellate argument is marginal, as is his compliance with the rules, the appeal is not so egregious as to merit sanctions.

## CONCLUSION

[¶ 16] Husband has failed to establish that the district court erred in dividing the marital estate. We hold the district court's division of the marital estate, even if not equal, is equitable. The decision of district court is affirmed. We decline to impose sanctions against Husband.