2010 WY 169

**Kenneth J. ZALOUDEK, Jr.,**
**Appellant (Defendant),**

v.

**Becky ZALOUDEK, Appellee (Plaintiff).**

No. S–10–0068.

Supreme Court of Wyoming.

Dec. 21, 2010.

Representing Appellant: William L. Combs of Combs Law Office, L.L.C., Evanston, Wyoming.

Representing Appellee: Richard J. Mulligan of Mulligan Law Office; and Heather Noble, Jackson, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Kenneth Zaloudek (Husband) and Becky Zaloudek (Wife) divorced in 2008. As part of the divorce decree, Husband was ordered to pay a certain dollar sum to Wife to equalize assets. Husband did not make a material payment until more than a year after the divorce decree was entered. Husband herein appeals the district court's order requiring him to pay interest on the amount

he owed from the date of the rendition of the divorce decree. We affirm.

[¶ 2] Husband also appeals an award of attorney fees to Wife. Finding the issue of attorney fees to not be finally adjudicated, we dismiss this issue.

## ISSUES

[¶ 3] Husband presents two issues for our review:

1: Did the Order on Hearing Held January 4, 2010, add improper interest to awards to Appellee from Appellant's IRA accounts that were not yet due during the period in which those accounts were frozen and in the control of the Court by Appellee's Writ of Garnishment, and improperly require an immediate lump sum cash payment of the total amount?

2: Did the lower Court abuse its discretion by improperly allowing attorney fees and costs to Appellee for claimed enforcement efforts that served to delay resolution of Decree compliance issues?

## FACTS

[¶ 4] The parties divorced in 2008. The divorce decree was entered on November 5, 2008. Among other things, the divorce decree required Husband to pay Wife $782,659.17 in order to equalize retirement assets. The district court also ordered Husband to pay Wife $37,635.37 to equalize the personal property division. Husband appealed the decree. Husband sought a stay pending appeal. The district court required Husband to post a $900,000 supersedeas bond as a condition of granting a stay. Husband did not post the bond, and the district court consequently denied a stay.

[¶ 5] The day after Husband's motion for a stay pending appeal was denied, Wife began efforts to collect the money owed by Husband. Writs of garnishment were directed to Husband's bank accounts, including his IRA account and other accounts he held with Smith Barney. Husband filed a motion objecting to the writs. Wife continued her collection efforts with a motion to show cause why Husband should not be held in contempt of court for failing to pay the cash amounts

ordered in the divorce decree. Husband responded with his own motion to show cause against Wife for Wife's alleged violations of the divorce decree. In August 2009, the district court decided the motions. It declined to hold either party in contempt. The district court gave Husband until November 17, 2009, to comply with prior orders.

[¶ 6] On November 12, 2009, this Court issued its opinion affirming the divorce decree. *Zaloudek v. Zaloudek*, 2009 WY 140, 220 P.3d 498 (Wyo.2009). Husband, instead of complying with the mandates of the divorce decree, on November 17 filed a "Motion to Clarify Decree" and a "Motion to Extend Deadline for Compliance with Decree." Wife opposed both motions. Wife filed her own motion to recover her attorney fees and costs associated with recovery efforts. After a hearing, the district court denied Husband's motions. The district court order, entered January 26, 2010, ruled that, pursuant to Wyo. Stat. Ann. § 1–16–102 (LexisNexis 2009), Husband was required to pay 10% interest on the amounts owed, dating back to the date of the entry of the original divorce decree.[1] The district court calculated the amount owed by Husband to be $871,387.75, with interest continuing to accrue at the amount of $221.05 per day. The district court ordered Husband to pay the amount owed within five days of the order. In the same order, the district court further ordered that Husband should pay reasonable attorney fees and costs and ordered Wife's attorney to file an affidavit of such for its consideration at a future hearing. It is from this order that Husband appeals.

## DISCUSSION

### Calculation of Amount of Interest Due

[¶ 7] As applies to this issue, the order appealed from decided post-judgment motions filed by a judgment creditor and a judgment debtor. Post-judgment enforcement and execution proceedings are addressed to the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Burnett v. Steeley*, 2008 WY 94, ¶ 16, 190 P.3d 132, 135–36 (Wyo. 2008); *Woods v. Wells Fargo Bank Wyoming*, 2004 WY 61, ¶ 19, 90 P.3d 724, 731 (Wyo.2004).

[¶ 8] Husband complains that he should not be required to pay interest from the date of the judgment for a variety of reasons. His first claim is that no specific date for payment was included in the initial divorce decree. Thus, he could not have known the payment was due on the day of the decree. This argument ignores the application of § 1–16–102, dealing with interest on judgments:

(a) Except as provided in subsections (b) and (c) of this section, all decrees and judgments for the payment of money shall bear interest at ten percent (10%) per year from the date of rendition until paid.

(b) If the decree or judgment is founded on a contract and all parties to the contract agreed to interest at a certain rate, the rate of interest on the decree or judgment shall correspond to the terms of the contract.

(c) A periodic payment or installment for child support or maintenance which is unpaid on the date due and which on or after July 1, 1990, becomes a judgment by operation of law pursuant to W.S. 14–2–204 shall not bear interest.

Obviously neither exception (b) or (c) apply. Thus, the statute clearly requires payment from the date of rendition. There is no ambiguity. A district court must expressly set a different date for payment of a judgment in order to override the application of this statute. As applies to the instant case,

---

1. Section 1–16–102, entitled "Interest on judgments," states:

(a) Except as provided in subsections (b) and (c) of this section, all decrees and judgments for the payment of money shall bear interest at ten percent (10%) per year from the date of rendition until paid.

(b) If the decree or judgment is founded on a contract and all parties to the contract agreed to interest at a certain rate, the rate of interest on the decree or judgment shall correspond to the terms of the contract.

(c) A periodic payment or installment for child support or maintenance which is unpaid on the date due and which on or after July 1, 1990, becomes a judgment by operation of law pursuant to W.S. 14–2–204 shall not bear interest.

the district court did not set a different time frame for payment. Thus, § 1–16–102 applied automatically to require payment as of the date of rendition of the decree.[2]

[¶ 9] Husband next declares that the district court eventually set November 17, 2009, as the date for him to comply with the divorce decree. Thus, he argues, at the very least interest charges should not begin until then. Husband takes the November 17 date out of context. The date comes from the district court's order generated in response to the parties' respective motions for orders to show cause. The date of November 17 was set as the date for Husband's performance in order to avoid being held in contempt of court. In no way did the date modify the requirements of the initial divorce decree.

[¶ 10] Husband moves on to argue he had no funds accessible to him to make the required payment to Wife because of Wife's garnishment of his accounts. This argument is especially specious because Husband, at all times, had the ability to execute appropriate paperwork to release the funds to Wife, thus releasing the garnishments. Indeed, in response to the order appealed from in the instant action, Husband executed a Letter of Authorization to Smith Barney for the release of funds to Wife.

[¶ 11] On a related note, Husband argues that, once his accounts were subject to garnishment, it was equivalent to tendering payment on the judgment, thus ending his statutory obligation to pay interest. Husband is correct in so far as he argues payment of funds into the court ends his responsibility to pay statutory interest on the judgment. Rule 67 of the Wyoming Rules of Civil Procedure allows for the deposit of funds to the appropriate court:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or

thing. Money paid into court under this rule shall be held by the clerk of the court subject to withdrawal in whole or in part at any time thereafter upon order of the court or written stipulation of the parties. The fund shall be deposited in an interest-bearing account or invested in an interest-bearing instrument approved by the court.

W.R.C.P. 67. This Court has held that "[t]he purpose of W.R.C.P. 67 is to relieve the depositor of the responsibility for the funds and, in some circumstances, to stop the accrual of interest by authorizing a payment into the court." *Parker v. Artery*, 889 P.2d 520, 527 (Wyo.1995).

[¶ 12] Husband is incorrect, however, in his argument that garnishment of funds is the equivalent of tendering funds to the court. This Court has explained:

> Statutory interest under Wyo. Stat. § 1–16–102(a) accrues from the time of the entry of the judgment "until paid."
>
> * * * *
>
> The phrase "until paid" as used in Wyo. Stat. § 1–16–102(a) is not defined. Therefore, this court inquires into the ordinary and obvious meaning of the statutory language to determine the legislative intent. *Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n*, 845 P.2d 1040, 1042 (Wyo.1993).
>
> "Until" is a word of limitation which is used to fix a point in time or establish a point at which a precedent status ceases to exist upon the happening of a condition. *Jones v. Jones*, 402 P.2d 272, 274 (Okla. 1965); Black's Law Dictionary 1540 (6th ed. 1990). "Paid" is the past participle of "pay." The plain meaning of "pay" includes the discharge of a debt by a tender of payment due. Black's Law Dictionary 1128 (6th ed. 1990). "Tender" is an unconditional offer to perform coupled with the ability to carry out the offer and the production of the subject matter of the tender. Black's Law Dictionary 1467 (6th ed. 1990). *See Radalj v. Union Savings & Loan Ass'n*, 59 Wyo. 140, 184, 138 P.2d 984, 999 (1943).

---

2. Husband fails to provide any discussion of § 1– 16–102 on appeal.

*Parker,* 889 P.2d at 527–28. The garnishment of funds is not equivalent to a party depositing money with a court. Garnishment is a statutory process by which funds of a judgment debtor are essentially frozen until the judgment has been satisfied, by whatever means. *See* Wyo. Stat. Ann. § 1–15–406 (LexisNexis 2009). The funds are not required to be paid to the court. Garnished funds thus do not constitute an "unconditional offer to perform coupled with the ability to carry out the offer and the production of the subject matter of the tender" by a party.

■ [¶ 13] Finally on this issue, Husband argues the district court abused its discretion in ordering Husband to satisfy the judgment within five days of the order. This Court has said:

> Courts have inherent power to enforce their own judgments and should see to it that such judgments are enforced when they are called upon to do so. To deprive a court of power to execute its judgments is to impair its jurisdiction, and the general rule is that every court having jurisdiction to render a particular judgment has inherent power and authority to enforce it and to exercise equitable control over such enforcement. Thus, a court of equity has inherent power to enforce its decrees. A court of equity retains and possesses the power to control the manner of the execution of its decree, and has the inherent right to modify, by a subsequent order, the manner in which it shall be enforced.

*Hurd v. Nelson,* 714 P.2d 767, 771 (Wyo. 1986). Given Husband's interminable recalcitrance in paying the judgment, and the fact that attachable funds in the Smith Barney account were sufficient to discharge the judgment, we find the district court did not abuse its equitable authority to establish and enforce the manner of execution in its decree.[3]

### Attorney Fees

■ [¶ 14] Husband objects to the part of the order under appeal that grants Wife

attorney fees. This aspect of the order is not final and thus not appealable. An appealable order is one, in pertinent part, that affects "a substantial right in an action, when such order, in effect, determines the action and prevents a judgment." W.R.A.P. 1.05(a). The district court in the instant case did not set an amount for the attorney fee to be awarded. The proceeding was only at the stage where the district court required Wife's attorney to submit an affidavit of fees. The action for attorney fees therefore is still pending in the lower court for final disposition.

### Reply Brief

■ [¶ 15] Husband brings a new issue to our attention in his reply brief. He complains that Wife violated W.R.A.P. 3.05(c). The rule, in pertinent part, states:

> If appellee desires to designate parts of the record for transmission not designated by appellant, appellee shall, contemporaneously with the filing of appellee's brief in the appellate court and service of that brief upon appellant, file with the clerk of the trial court and serve upon appellant a designation of those parts of the record desired by appellee.

In the instant case, Wife did designate further parts of the record. Husband declares Wife did not file her designation of the record until a few days after she filed her brief.

[¶ 16] Certainly this Court never condones any violations of the Wyoming Rules of Appellate Procedure, but sanctions are not automatic. A violation "is ground only for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; dismissal; and affirmance." W.R.A.P. 1.03. Under the specific facts and circumstances of this case, we do not deem any sanction appropriate. Husband presents no argument of any precise manner in which he was prejudiced by any such violation.[4] There was no

---

3. Husband presents other complaints within the discussion of this issue. We have reviewed these complaints and find no merit in them.

4. If there had been any actual prejudice, Husband could have asked this Court for an exten-

sion of time in which to file his reply brief. His main argument, however, is that Wife caused delays throughout the proceedings in the lower court and her failure to timely file her designation of the record represents a continuing course

prejudice to this Court because Wife's designation of the record did not delay transmittal of the record from the district court to this Court.

## CONCLUSION

[¶ 17] We find the district court did not abuse its discretion by ordering Husband to pay judgment interest from the date of rendition of the divorce decree. We further find the issue of attorney fees was still pending before the district court at the time of this appeal. It is thus not appealable.

[¶ 18] As to Husband's issue in his reply brief that Wife should be sanctioned because she failed to serve her designation of the record contemporaneously with the filing of her brief as required by W.R.A.P. 3.05(c), we find nothing in Husband's arguments supporting an award of sanctions.

of conduct of delay. Our review of the record   does not support this argument in any respect.