# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 120

APRIL TERM, A.D. 2015

September 15, 2015

RHONDA MARIE SINCLAIR,

Appellant
(Plaintiff),

v.

S-15-0067

KEVIN DEAN SINCLAIR,

Appellee
(Defendant).

*Appeal from the District Court of Campbell County*
The Honorable Michael N. Deegan, Judge

*Representing Appellant:*
    Lisa K. Finkey, Gillette, Wyoming.

*Representing Appellee:*
    Rex O. Arney, Law Office of Rex O. Arney, Sheridan, Wyoming.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**KAUTZ, Justice.**

[¶1]  Rhonda Marie Sinclair (Wife) appeals from a divorce decree, claiming the district court erred when it declined to require Kevin Dean Sinclair (Husband) to pay interest on the amount it ordered him to pay to equalize the division of marital property.  We conclude the district court properly exercised its discretion when it suspended payment of interest as long as Husband makes annual payments of at least $15,000 toward the property allocation.  We, therefore, affirm.

## ISSUE

[¶2]  Wife presents the issue for our determination as follows:

> Whether the district court erred when it ordered that the statutory interest on the final judgment could be suspended if [Husband] made minimum payments towards satisfaction of the final judgment.

Husband contends the district court properly exercised its discretion when it ordered that statutory interest on the amount owed be suspended as long as he makes the minimum annual payments.

## FACTS

[¶3]  Husband and Wife were married in September 1993 in South Dakota.  They had no children.  In September 2013, Wife filed for divorce in Campbell County, Wyoming, where they were living at the time.  Husband answered the complaint, and asked the district court to dismiss Wife's complaint and grant him a divorce.

[¶4]  At trial, the primary issue in dispute concerned the division of the marital property.  The focus of the dispute was property located in South Dakota, which the parties had acquired from Husband's mother during the parties' marriage.  The property is held in trust by the Bureau of Indian Affairs in Husband's name.  This property cannot be sold to the general public, but instead can be transferred only to Husband's family or another tribal member.  The parties receive rental income from the property of about $14,000 per year.

[¶5]  After hearing all of the testimony and considering all of the marital property including the South Dakota land, the district court allocated the tribal trust property to the Husband, and then concluded Husband should pay Wife $141,360 to accomplish an equitable property division.  While leaving Husband the option to make higher payments, the court imposed a minimum payment of $15,000 per year.  The district court then stated

1

that as long as Husband paid the $15,000 per year, it would suspend the statutory post judgment interest of ten percent. The court stated:

> That is an incentive for you, sir, to make sure that … revenue flow goes promptly to [Wife]. And in the event that [Husband] falls short of applying at least $15,000 per year, why then, the 10 percent post judgment interest goes into effect, and it retroacts to the date of this judgment.
>
> So that is a big weight of incentive to make sure you arrive at at least [$]15K per year. Now if you present [$]17,000 in one year that doesn't mean that you go down to $13,000 the next year. It has got to be at least $15,000 a year.

[¶6] Consistent with the district court's ruling from the bench, the divorce decree provided:

> To create an equitable division of the parties' property and debts, [Husband] shall pay to [Wife] the sum of One Hundred Forty One Thousand Three Hundred Sixty Dollars ($141,360.00) for which [Wife] shall have Judgment against [Husband]. Statutory interest on the judgment shall be suspended as long as [Husband] pays [Wife], at the minimum, Fifteen Thousand Dollars ($15,000.00) each year, beginning December 1, 2015, and each year thereafter until the entire judgment is paid [in] full. In the event [Husband] fails to make a payment timely, statutory interest shall be reinstated from the date of entry of the Decree.

Wife appealed from the decree.

**STANDARD OF REVIEW**

[¶7] Wife's sole challenge is to the district court's order suspending payment of interest on the amount it ordered Husband to pay to accomplish an equitable division of property.

> "We will not disturb a property division in a divorce case, except on clear grounds, as the trial court is usually in a better position than the appellate court to judge the parties' needs and the merits of their positions." *Metz v. Metz,* 2003 WY 3, ¶ 6, 61 P.3d 383, 385 (Wyo.2003), citing *Paul v. Paul,* 616 P.2d 707, 712 (Wyo.1980); *Warren v. Warren*, 361 P.2d 525, 526 (Wyo.1961). If our review requires an evaluation of

2

the sufficiency of the evidence to support the district court's decision, "we afford to the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party." *Reavis v. Reavis*, 955 P.2d 428, 431 (Wyo.1998) (citations omitted). When interpretation of statutory language is required to resolve an issue, our standard of review is de novo. *Egan v. Egan*, 2010 WY 164, ¶ 7, 244 P.3d 1045, 1048 (Wyo.2010); *Dorr v. Smith, Keller & Assoc.*, 2010 WY 120, ¶ 11, 238 P.3d 549, 552 (Wyo.2010).

*Bagley v. Bagley*, 2013 WY 126, ¶ 7, 311 P.3d 141, 143 (Wyo. 2013).

## DISCUSSION

[¶8]   Wife asserts the district court did not have the discretion to suspend payment of interest on the amount it ordered Husband to pay in order to equitably divide the parties' property.   She cites Wyo. Stat. Ann. § 1-16-102 (LexisNexis 2015), which provides as follows:

### § 1-16-102. Interest on judgments.

(a) Except as provided in subsections (b) and (c) of this section, all decrees and judgments for the payment of money shall bear interest at ten percent (10%) per year from the date of rendition until paid.
(b) If the decree or judgment is founded on a contract and all parties to the contract agreed to interest at a certain rate, the rate of interest on the decree or judgment shall correspond to the terms of the contract.
(c) A periodic payment or installment for child support or maintenance which is unpaid on the date due and which on or after July 1, 1990, becomes a judgment by operation of law pursuant to W.S. 14-2-204 shall not bear interest.

[¶9]   Wife also cites *Salmeri v. Salmeri*, 554 P.2d 1244, 1247-48 (Wyo. 1976), in which a Wyoming district court attempted to both enforce and modify a New Jersey judgment for unpaid alimony and child support.   The Wyoming court permitted the husband to pay the wife $100 per month without interest until the total amount due was paid in full. Addressing on appeal the issue of interest, this Court said:

Upon entry of a judgment for money by any court in Wyoming the applicable law, § 1-308.1, W.S.1957, 1975

3

Cum.Supp., specifically directs that it shall 'bear interest at 10% per year from the date of rendition until paid.' Such allowance of interest is not in the discretion of the court entering judgment, it is a grant from the legislature of the state and we do not think that any court may refuse to give it effect. [fn. omitted] The district court directed that the total judgment of $11,176.20 entered by it be paid in 117 installments of $100 per month, commencing September 1, 1975, the last such payment to be in the amount of $76.20. Such language must be construed as carrying the inference that compliance with that order would satisfy all obligations of the judgment debtor and he would then be entitled to satisfaction of the judgment. So construed, we think the judgment was beyond the jurisdiction and power of the court.

*Id*. at 1249. Based upon § 1-16-102 and *Salmeri*, Wife contends the district court had no authority to suspend payment of interest on the amount it ordered Husband to pay.

[¶10] Husband responds that the legislature has given district courts broad discretion to fashion a just and equitable disposition of marital property and, as part of that process, the district court can determine whether payment of interest should be ordered. Husband cites *Odegard v. Odegard*, 2003 WY 67, 69 P.3d 917 (Wyo. 2003), in which this Court upheld a divorce decree that imposed interest at a rate of 7% per year, rather than the 10% required by § 1-16-102. Although we did not specifically address the husband's claim that the interest imposed violated § 1-16-102 because he did not object to the decree or otherwise raise the issue in district court, we said the interest rate imposed was not at a level to shock the conscience of the court and affirmed. *Id*., ¶ 28, 69 P.3d at 925. Husband also cites *Zaloudek v. Zaloudek*, 2010 WY 169, ¶ 8, 245 P.3d 336, 339-340 (Wyo. 2010), in which the Court suggested that a district court could override the interest requirement of § 1-16-102 by setting a payment due date other than the date the decree or judgment is rendered. Because the payment date set in this case is different from the date the decree was rendered, Husband argues, the district court properly exercised its discretion by suspending payment of interest as long as he makes the payments on time.

[¶11] There is no question § 1-16-102 requires that all decrees and judgments for the payment of money bear interest at the rate of 10% per year from the date of rendition until paid. The statute uses the word "shall," a word we have repeatedly said is mandatory. *JKS v. AHF (In re: ARF)*, 2013 WY 97, ¶ 23, 307 P.3d 852, 857 (Wyo. 2013); *Verheydt v. Verheydt*, 2013 WY 25, ¶ 32, 295 P.3d 1245, 1253 (Wyo. 2013). As Wife points out, this Court in *Salmeri* reversed a district court order permitting one party in a divorce action to make a monthly payment on a judgment for unpaid alimony and child support without imposing interest. Citing § 1-16-102, the Court concluded the district court did not have the jurisdiction or power to decline to impose interest.

4

[¶12]    Husband asserts *Salmeri* is distinguishable.   He contends that unlike this proceeding, which was an original action for divorce, *Salmeri* involved judgments entered in New Jersey (one dissolving the marriage, another amending the divorce decree and a third for past due child support and alimony payments with interest), which the wife later filed in Wyoming.  *Id*. at 1246.  The husband then filed a petition asking the district court in Wyoming to modify the New Jersey judgments.  *Id*.  The district court entered a judgment upholding the New Jersey judgment with respect to the amount of the arrearages but modifying the judgment to allow the husband to pay the arrearages in monthly installments without interest.  The wife appealed, claiming the New Jersey judgment for arrearages was final and not subject to modification by the Wyoming court. This Court agreed and reversed the district court's ruling modifying the New Jersey judgment by allowing for installment payments on the past due amounts without interest.

[¶13]  Husband is correct that *Salmeri* involved the modification by a Wyoming court of a final judgment entered by a New Jersey court having jurisdiction over the original divorce and motion for arrearages.  The judgment requiring payment of arrearages was for a "definite and fixed sum of money due" from the husband to the wife plus interest. *Id*. at 1248.  As such, it constituted a lien upon the husband's property upon which the wife could execute and was "not subject to the discretionary control of the courts" or to modification in Wyoming.  *Id*.  The Court stated:

> Just because the final judgment for a fixed sum of money grows out of a divorce action does not continue the power of the court granting the divorce or a subsequent court having jurisdiction of the matter to extend the time for payment thereof or otherwise modify the same.   When the final judgment is entered the discretionary powers of the courts are exhausted.

*Id*. at 1249.  Because the New Jersey judgment was a final judgment for a fixed sum of money, this Court said, the judgment of the Wyoming district court was superfluous.  *Id*. The New Jersey judgment for a fixed sum of money with interest remained the final judgment as to that obligation of the husband.

[¶14]  In contrast to the situation in *Salmeri*, the district court in the present case was not asked to modify a final judgment for a fixed sum of money entered by a court in another state. It was not dealing with a lien on property against which Wife could execute.  There was no final judgment that Husband sought to have modified and, rather than being exhausted, the discretionary power of the district court had just begun.  The district court in this case had jurisdiction to grant the divorce and distribute the marital property.  There is no question in this context that the district court had broad discretion to fashion a fair

division of the marital property. *Stevens v. Stevens*, 2014 WY 23, ¶ 7, 318 P.3d 802, 805 (Wyo. 2014), citing *Root v. Root*, 2003 WY 36, ¶ 8, 65 P.3d 41, 44 (Wyo. 2003).[1]

[¶15] Wyo. Stat. Ann. § 20-2-114 (LexisNexis 2015) provides:

> (a) … in granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party ….

The disposition of marital property is an equitable function of the district court. *Breitenstine v. Breitenstine*, 2003 WY 16, ¶ 26, 62 P.3d 587, 595 (Wyo. 2003). It is not a mechanical process but one which requires the district court to exercise its discretion to determine what weight should be given each of the individual factors and form a distributive scheme appropriate to the peculiar circumstances of the particular case. *Pond v. Pond,* 2009 WY 134, ¶ 8, 218 P.3d 650, 652 (Wyo. 2009). No specific guidelines or hard and fast rules apply. *Kruse v. Kruse*, 2010 WY 144, ¶ 9, 242 P.3d 1011, 1013 (Wyo. 2010). Property division must be done on a case-by-case basis using the best possible valuation method appropriate for the particular case. *Hall v. Hall*, 2005 WY 166, ¶ 10, 125 P.3d 284, 287 (Wyo. 2005).

[¶16] In this particular case, the district court heard the testimony of the parties, weighed their credibility, considered their respective merits and needs and determined that a fair and equitable resolution was to require Husband to pay Wife the sum of $141,360.00. The district court also determined based on the particular circumstances of this case not to require Husband to make a lump sum payment on a fixed date but to allow him to pay the amount owed over time. The payment scheme the court fashioned was directly related to the yearly income the parties received from the South Dakota property. To give Husband incentive to make the minimum annual payments and keep revenue flowing promptly to Wife, the district court suspended payment of interest as long as Husband complied with the minimum annual payment requirement. In the event he failed to make the minimum payments when due, however, the district court ordered that he pay interest at the statutory rate of 10% from the date the decree was entered. We

---

[1] We also note that the Court in *Salmeri* went further than it needed to go to decide the matter. The essential holding was that the New Jersey judgment ordering payment of the amount in arrears was a final judgment; it was not, therefore, subject to modification in Wyoming. The existence of Wyoming's post-judgment interest statute had no bearing on that essential holding. In any event, *Salmeri* is distinguishable because it involved a final judgment for a fixed sum of money, not a decree or judgment ordering payment over time beginning on a future date.

conclude the district court properly exercised its discretion to fashion a distributive scheme appropriate to these parties and their circumstances.

[¶17]  In reaching this result, we also note *Zaloudek,* ¶ 8, 245 P.3d at 339-340, in which we affirmed a post-judgment enforcement order requiring the husband to pay 10% interest on the amount owed under the divorce decree from the date it was rendered. There, the husband and wife were divorced in November 2008 and husband was ordered to pay wife a sum certain to equalize the property division.  *Id*., ¶ 1, 245 P.3d at 338. Husband appealed the decree and this Court affirmed.  Rather than complying with the mandate of the decree, husband filed motions in district court asking for clarification of the decree and more time to comply.  *Id*., ¶ 6, 245 P.3d at 339.  The district court entered an order denying the motions and, pursuant to § 1-16-102, ordered Husband to pay 10% interest on the amount owed dating back to the date the decree was entered.  *Id*.  Husband appealed that ruling and this court affirmed, holding the statute clearly required payment from the date of rendition.  We stated:

> A district court must expressly set a different date for payment of a judgment in order to override the application of this statute.  As applies to the instant case, the district court did not set a different time for payment. Thus, § 1-16-102 applied automatically to require payment as of the date of rendition of the decree.

*Id*., ¶ 8, 245 P.3d 339-340.  Unlike the court in *Zaloudek*, the district court in this case expressly set a different date for payment of the amount owed ($15,000 per year commencing December 1, 2015) than the date the decree was rendered (December 24, 2014).  By setting a different date for payment than the date the decree was rendered, the district court overrode § 1-16-102.

[¶18]  We find additional support for our conclusion that the district court properly exercised its discretion in this case from observations made by the Court in *Rovai v. Rovai*, 912 N.E.2d 374 (Ind. 2009).  There, the Court addressed the following question:

> whether the [Indiana] statute[2] directing interest on money judgments compels post-judgment interest to be paid whenever money changes hands pursuant to a dissolution decree, or whether the dissolution statutes grant a court discretion to impose interest, or not, in the course of

---

[2] Ind. Code § 24-4.6-1-101 reads:

> Except as otherwise provided by statute, interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at: . . . eight percent.

fashioning what the latter calls a 'just and reasonable' division of property.

*Id*. at 377.

[¶19]  The Court said:

> In the law's historic divide between law and equity, there may be fewer purer illustrations than a civil judgment for money damages on the one hand and a dissolution decree on the other.  We see little reason for transporting the post-judgment interest statute into the equitable world of dissolutions, where some court orders look a good deal like civil judgments and others bear no resemblance.
>
> In a straight civil judgment, post-judgment interest and the time value of money bear such a straightforward relationship that courts are led to deploy adages like "interest goes with the principal as the fruit with the tree."  [citation omitted]  By contrast, judicial decrees that assign debts, personal property, and real estate represent a more complex allocation of economic values.  To these are added orders that reflect social objectives, such as enabling children and the leading custodian to continue living in the marital residence.
>
> In such judicial decrees …, where courts allot everything from physical objects to responsibility for debts of differing character to conditional rights of residence, the time value of money acquires a much more nuanced meaning than it does when a court hears a credit card collection case and says, "Judgment for $5,800."
>
> We conclude that the statute on civil post-judgment interest does not compel that interest run on the various internal elements of dissolution decrees.  Rather, the dissolution statutes confer upon trial courts the authority to order interest or not in the course of fashioning a just and reasonable division of property.

*Id*.

[¶20]  *Rovai* might be read to suggest the Court held the Indiana post-judgment interest statute does not apply in divorce actions.  To the extent that is the holding, *Rovai* goes

8

further than we are willing to go. When a Wyoming court enters a divorce decree requiring a party to pay a fixed sum of money and does not set a date for payment different than the date the decree is rendered, § 1-16-102 applies and payment of interest is required. However, when a district court enters a decree and, in the exercise of its discretion to fashion a just and equitable property division, sets a date for payment different than the date the decree is rendered or provides for payment over time, it is not required to impose interest.

[¶21] Affirmed.