# IN THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 1

**OCTOBER TERM, A.D. 2022**

**January 6, 2023**

DEBORAH D. D'ANZI,

Appellant
(Defendant),

v.                                                          S-22-0086

MICHAEL J. D'ANZI,

Appellee
(Plaintiff).

*Appeal from the District Court of Converse County*
*The Honorable F. Scott Peasley, Judge*

*Representing Appellant:*
    Philip Abromats, Philip E. Abromats, P.C., Greybull, Wyoming.

*Representing Appellee:*
    Austin W. Burback, Mark C. Hardee Law Office, P.C., Douglas, Wyoming.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]  Deborah D'Anzi (Wife) and Michael D'Anzi (Husband) divorced on November 19, 2021.  Wife appeals the district court's division of marital property.  She contends the district court abused its discretion in calculating the equalization payment due from Husband to Wife.

[¶2]  After examining the briefs, appellate record, and controlling law, this Court has determined unanimously to enter an abbreviated opinion affirming the district court's order pursuant to W.R.A.P. 9.06.[1]  *See Byrnes v. Harper*, 2019 WY 20, ¶¶ 1–6, 435 P.3d 364, 365–66 (Wyo. 2019); *Eaton v. State ex rel. Dep't of Workforce Servs.*, 2015 WY 107, ¶¶ 1–11, 356 P.3d 765, 765–67 (Wyo. 2015).

### ISSUE

[¶3]  Did the district court abuse its discretion in its division of the parties' marital property?

### STANDARD OF REVIEW

[¶4]  "Disposition of marital property is 'committed to the sound discretion of the district court.'" *Snyder v. Snyder*, 2021 WY 115, ¶ 7, 496 P.3d 1255, 1257 (Wyo. 2021) (quoting *Begley v. Begley*, 2020 WY 77, ¶ 20, 466 P.3d 276, 283 (Wyo. 2020)).  W.R.A.P. 9.06(a)(4) allows the Court to enter an abbreviated opinion when "the issues are ones of judicial discretion and there clearly was or was not an abuse of discretion."

---

[1]  **Rule 9.06.  Abbreviated Opinions.**
(a) The supreme court by unanimous vote may, sua sponte, enter an abbreviated opinion affirming or reversing the judgment or order of the district court or the chancery court for the reason that it is clear that affirmance or reversal is required because:
> (1)  the issues are clearly controlled by settled Wyoming law or federal law binding upon the states;
> (2)  the issues are factual and there clearly is sufficient evidence to support the jury verdict or findings of fact below;
> (3)  summary judgment was erroneously granted because a genuine issue of material fact exists; or
> (4)  the issues are ones of judicial discretion and there clearly was or was not an abuse of discretion.

(b) An abbreviated opinion will provide the ultimate disposition without a detailed statement of facts or law.  Such abbreviated opinions shall be published.
(c)  A petition for rehearing of a case decided under this rule may be served and filed pursuant Rule 9.08.

W.R.A.P. 9.06.

[¶5]   Husband and Wife married in December 2016, and Husband filed for divorce in December 2019.   They owned real and personal property which the district court distributed after a trial.  Wife filed a Rule 59 motion challenging the property division which the district court denied, affirming its designation of marital assets and its division of those assets.  On appeal, Wife claims the district court abused its discretion when it calculated an equalization payment of $59,097.50 due from Husband to Wife.   Wife maintains there was a slight mathematical error in the total asset value, and the division of assets did not result in a monetarily equal disposition.

[¶6]   The disposition of property in a divorce is governed by Wyo. Stat. Ann. § 20-2-114(a) which states:

> [I]n granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children.

Wyo. Stat. Ann. § 20-2-114(a) (LexisNexis 2021); *Innes v. Innes*, 2021 WY 137, ¶ 15, 500 P.3d 259, 262 (Wyo. 2021).  "There are no specific guidelines as to the weight the district court must afford the statutory considerations when making a property division."  *Innes*, ¶ 15, 500 P.3d at 262 (quoting *Malli v. Malli*, 2020 WY 42, ¶ 16, 460 P.3d 245, 249 (Wyo. 2020)).  The statute contemplates a distribution that is equitable, it "does not require an equal division of property."  *Malli*, ¶ 16, 460 P.3d at 249.

[¶7]   In *Pond v. Pond*, we explained:

> [Wife's] position requires an assumption as to the district court's ultimate intent when it employed the term "equalize."  While the term "equalize" suggests an intent to make something equal, it does not give a context.  In Wyoming, the distribution of a marital estate is equalized within the context of the respective equities of the parties.  In other words, in a divorce proceeding a district court is required to divide property equitably, not necessarily monetarily equally.

*Pond v. Pond*, 2009 WY 134, ¶¶ 10–12, 218 P.3d 650, 652–53 (Wyo. 2009).  We have recognized that, "[a] just and equitable division of property is just as likely not to be equal."  *Long v. Long*, 2018 WY 26, ¶ 22, 413 P.3d 117, 125 (Wyo. 2018) (quoting *Kummerfeld v.*

*Kummerfeld*, 2013 WY 112, ¶ 10, 309 P.3d 822, 825 (Wyo. 2013)); *see also Porter v. Porter*, 2017 WY 77, ¶ 15, 397 P.3d 196, 198 (Wyo. 2017). The equity of the district court's property division is evaluated "from the perspective of the overall distribution rather than from a narrow focus on the effects of any particular disposition." *Innes*, ¶ 17, 500 P.3d at 262 (quoting *Stevens v. Stevens*, 2014 WY 23, ¶ 11, 318 P.3d 802, 807 (Wyo. 2014)).

[¶8]   "A district court abuses its discretion when 'the property disposition shocks the conscience of this [C]ourt and appears to be so unfair and inequitable that reasonable people cannot abide it.'" *Innes*, ¶ 16, 500 P.3d at 262 (quoting *Malli*, ¶ 14, 460 P.3d at 249). The record must show "clear grounds" for altering the property distribution because "the trial court is usually in a better position than the appellate court to judge the parties' needs and the merits of their positions." *Snyder*, ¶ 7, 496 P.3d at 1257 (quoting *Metz v. Metz*, 2003 WY 3, ¶ 6, 61 P.3d 383, 385 (Wyo. 2003)).

[¶9]   Wife makes no attempt to establish an abuse of discretion. Her brief cites no case law and focuses entirely on her disagreement with the district court's method of calculation including a mathematical error. The record before this Court contains no transcript or summary of the trial. It is limited to the Decree of Divorce and Order Denying Defendant's Motion to Alter or Amend Judgment Pursuant to W.R.C.P. 59(e). The district court had the opportunity to reconsider its division of marital property pursuant to Wife's Rule 59 motion. It denied the motion, finding Wife had failed to demonstrate any grounds for amending or altering the decree. After a judicious review of the parties' briefs, the record on appeal, and the district court's order, we conclude that the mathematical error claimed by Wife was not carried through to the district court's calculation of the equalization payment, and the district court did not abuse its discretion in its division of property.

[¶10]  Wife did not demonstrate clear grounds for altering the property distribution, nor is the district court's disposition of the marital estate so unfair and inequitable that reasonable people cannot abide it. Affirmed.

3