R.S. Passo, Tulsa, for appellant.

Curtis A. Parks, Parks & Beard, Tulsa, for appellee.

**Julie Anne MATLOCK, Appellant,**

**v.**

**Michael K. MATLOCK, Appellee.**

**No. 66317.**

Court of Appeals of Oklahoma, Division No. 4.

Feb. 2, 1988.

BACON, Presiding Judge.

This is an appeal in a divorce case where the trial court ordered the parties to file joint federal and state income tax returns for the prior taxable year.

The trial court entered its decree of divorce on March 14, 1986, and provided in part: "IT IS FURTHER ORDERED that the parties hereto file a joint Federal and State Income Tax Return for the year 1985." It is from this provision in the decree that Julie Anne Matlock appeals.

There is no decisional law on this point in Oklahoma. I.R.C. § 6013(a), provides that a husband and his wife may elect to file a joint return: "A husband and wife may make a single return jointly of income taxes." In *Heim v. Commissioner*, 251 F.2d 44, 47 (8th Cir.1958), the court stated that each spouse had a free choice as to whether or not to file a joint return.

Obviously the trial court can take into consideration the tax consequences of whether the parties will file a separate or a joint return, but this does not permit the trial court to compel the parties to execute a joint return. *Leftwich v. Leftwich*, 442 A.2d 139 (D.C.1982).

To permit the trial court to order a spouse to file a joint return would be tanta-

mount to removing the right of election conferred upon married persons under the Internal Revenue Code.

The case is affirmed as to the granting of the divorce and remanded to take into consideration the consequences of filing separate returns.

BRIGHTMIRE, and REIF, JJ., concur.