2003 WY 131

**Christl B. LESEBERG, f/k/a Christl Taylor, Appellant (Defendant),**

v.

**Calvin D. TAYLOR, Appellee (Plaintiff).**

No. 02–166.

Supreme Court of Wyoming.

Oct. 21, 2003.

Representing Appellant: Richard W. Beckwith of Greenhalgh, Beckwith, Lemich & Stith, P.C., Rock Springs, Wyoming.

Representing Appellee: Sheryl Smith Bunting of Kinnaird Law Office, P.C., Sheridan, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] Christl B. Leseberg (mother) appeals from the district court's order finding no substantial change of circumstances to warrant modifying her divorce decree to reallocate the dependent income tax credit from Calvin D. Taylor (father) to her. We find no error and affirm.

## ISSUES

[¶ 2] The mother states the issues as follows:

I. Did the district court err as a matter of law when it held that there had not been a change of circumstances that warranted modification of those portions of the parties' decree of divorce relating to allocation of the right to claim the parties' minor child as a dependent for income tax purposes?

A. Is the allocation of the dependent tax credit modifiable?

B. What law, if any, governs the district court in properly allocating the right to claim a child as a dependent for income tax purposes?

## FACTS

[¶ 3] The father and the mother were divorced by a decree dated April 23, 1991. Pursuant to a stipulation entered into by the parties before the entry of the decree, the district court awarded custody of the couple's minor child to the mother and ordered the father to pay child support. The stipulation and decree also provided the father was entitled to claim the child for income tax purposes so long as he remained current in his child support payments.

[¶ 4] On December 10, 2001, the mother petitioned for a modification of the divorce decree alleging, first, a substantial change of circumstances in that the income of both parties had increased since the divorce causing the child support obligation to change by twenty percent or more and, second, the right to claim the child for income tax purposes should be reallocated to her as the custodial parent pursuant to the Internal Revenue Service Code, 26 U.S.C.A. § 152(e). After a hearing on May 9, 2002, the district court increased the monthly child support payment due from the father as stipulated by the parties but denied the mother's request for reallocation of the dependent income tax credit from the father to her. The district court found "[t]here has not been a substantial change of circumstances that warrants allocation of the dependent income tax credit to the [mother]" and ordered the mother to "continue to supply [the father] with an executed Internal Revenue Service form 8332 ... each year, so that he may continue to claim the parties' minor child as a dependent for income tax purposes." The mother appeals from that portion of the order.

## STANDARD OF REVIEW

[¶ 5] We review a district court's order on a petition to modify a divorce decree under an abuse of discretion standard. *Fleenor v. Fleenor,* 992 P.2d 1065, 1068 (Wyo.1999). The ultimate question we must decide is whether the district court could reasonably conclude as it did. *Metz v. Metz,* 2003 WY 3, ¶ 6, 61 P.3d 383, ¶ 6 (Wyo.2003).

## DISCUSSION

**A. Modification of Provision Allocating Dependent Tax Credit**

[¶ 6] The mother claims that the portion of the divorce decree concerning the allocation of the dependent tax credit, like other support provisions, is subject to modification. Wyo. Stat. Ann. § 20–2–311(a) (LexisNexis 2003) provides that an action to modify a child support order based upon a substantial change of circumstances may be brought by a party at any time. We have not previously considered whether that provision allows for modification of a decree provision allocating the dependent tax credit. Other courts, however, have considered the issue and have held that an award of or stipulation regarding the right to claim dependency exemptions is subject to modification in the same manner as other provisions relating to child support. *In re Marriage of Larsen,* 805 P.2d 1195, 1197 (Colo.Ct.App.

1991); *Bradshaw v. Bradshaw*, 626 P.2d 752, 755 (Colo.Ct.App.1981). We find these decisions persuasive and hold that determinations concerning the allocation of the dependent tax credit are subject to modification under § 20–2–311(a).

### B. Standard Applicable to Allocation of Dependent Tax Credit

[¶ 7] The mother contends that no standard exists in Wyoming for allocating the dependent tax credit in child support determinations and this Court should either hold Wyoming courts are bound by § 152(e) of the Internal Revenue Code or adopt the standard followed in Utah for allocating the dependent tax credit in child support orders. Section 152(e) of the Internal Revenue Code provides that the custodial parent is automatically entitled to the dependent tax credit unless he or she relinquishes that right in writing. The Utah standard propounded alternatively by the mother requires the noncustodial parent to demonstrate he or she has a higher income than the custodial parent and provides the majority of support for the child. *Allred v. Allred*, 835 P.2d 974, 978 (Utah Ct.App.1992). It also requires the district court to determine that allocating the dependent tax credit to the noncustodial parent is in the child's best interest. The mother asserts that applying either § 152(e) of the Internal Revenue Code or the Utah standard entitles her to the dependent tax credit.

#### 1. Section 152(e) of the Internal Revenue Code

[¶ 8] The mother contends that, because she is the custodial parent and has not relinquished her right to the dependent tax credit, she is automatically entitled to the credit pursuant to § 152(e). She claims § 152(e) preempts state law on the issue. This Court has not previously addressed the issue.

[¶ 9] A majority of the courts that have addressed the issue has held § 152(e) does not divest state courts of authority to allocate the dependent tax credit. *Motes v. Motes*, 786 P.2d 232, 237 (Utah Ct.App.1989). Among the reasons offered in support of that conclusion are, first, § 152(e) does not ex-

pressly divest state courts of their traditional power and, if Congress had intended to terminate the established practice of state courts requiring, in appropriate circumstances, a waiver of the tax credit to be signed by the parent having custody and receiving child support payments, it would have said so; and, second, the congressional record indicates Congress' intent was not to preempt established state law with the passage of § 152(e) but was only to address the Internal Revenue Service's desire not to be involved in parental disputes over the tax credit. *Id.* at 236. We agree that § 152(e) does not preempt Wyoming courts from allocating the dependent tax credit in the same manner they allocate other marital assets in divorce proceedings.

#### 2. Utah Standard

[¶ 10] The mother contends, in the alternative, that Wyoming should adopt the Utah standard requiring the noncustodial parent to demonstrate he or she has a higher income and provides the majority of support for the child and a finding by the district court that allocating the dependent tax credit to the noncustodial parent is in the child's best interest. *Allred*, 835 P.2d at 978. While *Allred* involved an appeal from a final decree rather than, as here, an appeal from an order on a petition to modify a decree, that distinction is of no consequence given our determination that allocation of the dependent tax credit is subject to modification in the same manner as other child support provisions.

[¶ 11] Modification of divorce decrees is appropriate in only limited circumstances. *Pasenelli v. Pasenelli*, 2002 WY 159, ¶ 9, 57 P.3d 324, ¶ 9 (Wyo.2002). With that standard in mind, we held:

> "The party seeking modification must establish there has been a material and substantial change in circumstances which outweighs the interest of society in applying the doctrine of *res judicata*. The trial court is vested with discretion to modify the provisions of the divorce decree and, absent a grave abuse of that discretion, we will not disturb its decision. The standard we apply in review of cases asserting abuse

of discretion as an issue is whether the trial court reasonably could have concluded as it did."

*Id.* (quoting *Jones v. Jones,* 858 P.2d 289, 291 (Wyo.1993) (citations omitted)).

■ [¶ 12]   The approach we have taken in Wyoming balances the societal interest in the finality of judgments and the statutes allowing for modification of the child support provisions. *Pasenelli,* 2002 WY 159, ¶ 9, 57 P.3d 324. Our trial courts are charged with resolving that tension and must do so in the sound exercise of their discretion. *Id.*

[¶ 13]   We are satisfied these principles adequately set the standard in Wyoming for modifying child support provisions, including allocating the dependent tax credit. We, therefore, decline to specifically adopt the Utah standard as a rule to be steadfastly applied by our courts in all modification proceedings. Having said that, however, we note our trial courts can and do consider both the child's best interest and the parties' relative financial positions when determining the respective support obligations under our statutory scheme.

■ [¶ 14]   In the present case, the parties stipulated the father would be entitled to the dependent tax credit so long as he remained current in his child support payments. When the mother thereafter petitioned for a modification of the child support provisions, the parties again agreed on an increase in the child support amount. The district court then held a hearing on the issue of reallocating the tax credit.

[¶ 15]   The evidence showed the mother's income had increased since the entry of the divorce decree because she personally was earning more and she was married to a man who had a substantial income. The evidence also showed the father continued to earn more than the mother personally earned without taking into account her husband's earnings. The mother attempted to show she paid more than the father to support the child by offering evidence of the expenses associated with maintaining her new four-person household and dividing those expenses by four to come up with the figure she alleged she expended in support of the

parties' minor child. Even if this were the proper way to compute the amount of support the mother provided for the child, the father's income remained higher than the mother's. Given that evidence, the district court's determination is sustainable under either the Utah standard or our less precise abuse of discretion standard.

[¶ 16]   The district court was not persuaded that a substantial change of circumstances occurred justifying reallocation of the dependent tax credit portion of the decree. We find nothing in the record which suggests the district court abused its discretion in reaching that result.

[¶ 17]   Affirmed.

KITE, J., delivered the opinion of the Court; GOLDEN, J., filed a specially concurring opinion.

GOLDEN, J., specially concurring.

[¶ 18]   I agree with the majority opinion that the allocation of the dependent tax credit should be determined according to Wyoming law, not federal law, and that the allocation may be modified in the same manner as other provisions relating to child support. I do not agree, however, that the current state of the law provides sufficient guidance to the parties or the district courts on how to determine the allocation, either initially or upon modification.

[¶ 19]   Certainly any modification of support issues is at the discretion of the district court. However, appellate review for abuse of discretion is hollow absent knowledge of the parameters of that discretion. There are no criteria established by statute or this Court as to how the district court should exercise its discretion under these circumstances. I would suggest, given the absence of legislative action, this Court should determine at least some specific criteria to guide the court in its use of its discretion on this issue. I believe, at the very least, evidence must be presented, and considered by the trial court, relating to the effect the allocation of the dependent tax credit has on the financial resources of the parents. The goal should be to maximize the financial resources available to the "family" unit and thereby maximize the financial resources available to support the child.

[¶ 20] In the instant case, the parties stipulated that a substantial change in circumstances had occurred when they agreed to a stipulated modification of child support. With regard to the tax deduction, Leseberg testified that when she originally agreed to the allocation of the tax deduction to Taylor, she was only working part time so Taylor benefited most from the deduction. Currently, she works full time, as does her new husband, and the tax deduction would be very meaningful for them. Taylor testified that the benefits he receives from the tax deduction help him provide financial support for the child. No party testified to the specific financial consequences to either party regarding the allocation of the tax deduction.

[¶ 21] The trial court found "there has not been a substantial change in circumstances that warrants allocation of the dependent income tax credit to" Leseberg. The evidence does not support the finding of the district court that there was not a substantial change in circumstances. Because, however, no specific financial data was entered into evidence, the evidence also does not support that such changed circumstances warrant a change in the allocation of the dependent tax credit. It was mother's burden, as the party seeking modification, to introduce specific, verifiable financial evidence supporting the requested modification of the tax credit allocation. Because she failed to do so, the judgment of the district court correctly is affirmed.