# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 77

APRIL TERM, A.D. 2017

*June 27, 2017*

JEANNE PORTER,

**Appellant**
**(Plaintiff),**

**v.**                                                   S-16-0273

DAVID WAYNE PORTER,

**Appellee**
**(Defendant).**

*Appeal from the District Court of Laramie County*
*The Honorable Catherine R. Rogers, Judge*

*Representing Appellant:*
> Zenith S. Ward of Buchhammer & Ward, P.C., Cheyenne, Wyoming


*Representing Appellee:*
> Linda J. Steiner and Abigail E. Fournier of Steiner Law, LLC, Cheyenne, Wyoming

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]    Appellant Jeanne Porter (Wife) challenges a divorce decree, asserting that the district court abused its discretion in the division of marital assets, and in denying her alimony.  We affirm.

## ISSUES

[¶2]    1. Did the district court abuse its discretion in its division of the marital property?

2.  Was it an abuse of discretion for the district court to deny Wife's request for alimony?

## FACTS

[¶3]    Considering only the evidence in favor of the successful party, ignoring the evidence of the unsuccessful party, and granting the successful party every reasonable inference that can be drawn from the record, *see Kamm v. Kamm,* 2016 WY 8, ¶ 3, 365 P.3d 779, 780-81 (Wyo. 2016)*,* the facts established at trial are as follows.  Wife and Appellee David Porter (Husband) married in 1997.  They did not have any children together, although Wife had children from a previous relationship.

[¶4]    Husband worked for the Air National Guard for twenty-three years, and then began working for the Union Pacific Railroad in 2004, where he is still employed.  During the marriage he inherited a home from his grandparents, which he then sold.  This allowed him to purchase another property on County Road 215A near Cheyenne in 2003.  The property, which was titled solely in his name, has a house and a heated shop for car restoration.  At the time the divorce complaint was filed, the County Road 215A home was assessed for property tax purposes at approximately $259,000.00.  Husband testified that the mortgage and HELOC on that property totaled roughly $220,000.00, leaving about $39,000 in equity.

[¶5]    Wife worked for a respite care company for much of the marriage, but in 2013, she underwent numerous back surgeries and has not worked since.[1]    She brought $20,000.00 into the marriage, and later received a gift of approximately $50,000.00 from her mother while the parties were still married.  Wife used that gift to buy a home titled solely in her name on 18th Street in Cheyenne, and she resided there at the time of the divorce trial.  When Wife filed for divorce, she owed approximately $89,000.00 on the 18th Street property, but by the time of trial she had taken out a Home Equity Line Of

---

[1] Appellant applied for disability benefits from Social Security, but she was denied those benefits because she was found not to be disabled.

Credit (HELOC) on the place and owed a total of $163,000.000. Consequently, by the time of trial there was little to no equity in this property.

[¶6]    Husband and Wife each owned a number of vehicles, including a 1959 Chevrolet El Camino that both wanted though there was debt associated with it. Wife also had an outstanding credit card balance of $11,600, and Husband had a truck loan of $72,000.00 and a credit card balance of $8,000.

[¶7]    Wife filed for divorce in January of 2015. A few months later she filed a motion for temporary alimony and for funds to pay her attorney fees under Wyo. Stat. Ann. § 20-2-111. After a hearing, the district court denied both motions, finding that Wife could work. A bench trial was conducted roughly a year later, in July 2016.

[¶8]    The district court awarded Wife the 18th Street home and Husband the County Road 215A property. It found little to no equity in the 18th Street home. The court noted that at the time of filing for divorce, Wife owed roughly $89,000 on the house, but that by the time of trial Wife owed a total of $163,000 because she borrowed heavily against the equity. As for the property on County Road 215A, the district court determined there was $39,000 in equity, which it awarded to Husband.

[¶9]    The district court awarded Wife half of Husband's railroad retirement for the years he worked there during the marriage. She also received the 1959 El Camino and the debt associated with it.

[¶10]  The district court denied Wife's request for post-decree alimony of $2,000.00 per month for ten years. It determined that Wife was not reliant on Husband's income during the marriage because she had worked, and that the parties kept their incomes and finances separate. Thus, it decided, there was no need to provide a post-divorce substitute for the support provided to a spouse during the marriage. The district court also found that Wife is able to work but has simply chosen not to.

[¶11]  Wife timely perfected this appeal.

**STANDARD OF REVIEW**

[¶12] The disposition of marital property and decisions concerning alimony are committed to the sound discretion of the district court. *Kamm*, ¶ 3, 365 P.3d at 780-81. "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Id.* (citation omitted). The fundamental question this Court must ask is whether the district court could reasonably conclude as it did. *Id.* We must consider whether there is any aspect of the ruling that is arbitrary or capricious. *Id.* "In accomplishing our review, we consider

only the evidence in favor of the successful party, ignore the evidence of the unsuccessful party, and grant to the successful party every reasonable inference that can be drawn from the record." *Id.*

## DISCUSSION

### *Division of Marital Assets and Liabilities*

[¶13]  Wife contends that the district court abused its discretion by dividing the marital assets as it did.  She claims Husband has been awarded the entire estate, while she has been left destitute.  This is an overstatement.

[¶14]  The disposition of marital assets in a divorce is governed by Wyo. Stat. Ann. § 20-2-114, which states in pertinent part:

> (a) Except as provided in subsection (b) of this section, in granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children.

Wyo. Stat. Ann. § 20-2-114(a) (LexisNexis 2015).

[¶15]  As we have observed, a just and equitable division of property is as likely as not to be unequal.  *Peak v. Peak*, 2016 WY 109, ¶ 17, 383 P.3d 1084, 1090 (Wyo. 2016).  The circumstances justified the district court's conclusion that each party should receive the property they purchased with gifts from family members during the marriage.  The decree obligated the parties to pay the debt and obligations related to the property they received.  Moreover, Wife was awarded a fair portion of Husband's railroad retirement and the El Camino she wanted.

[¶16]  We are convinced that the district court did not abuse its discretion in dividing the marital assets and liabilities as it did.  We are not free to retry the case on appeal or substitute our judgment for that of the district judge.  *Lopez v. Lopez*, 2005 WY 88, ¶ 20, 116 P.3d 1098, 1103 (Wyo. 2005).  This division of property and debt is not one that "shocks the conscience of this court and appears to be so unfair and inequitable that reasonable people cannot abide it."  *Peak*, ¶ 19, 383 P.3d at 1090 (citation omitted).  It must therefore be affirmed.

*Alimony*

[¶17]  Wife next contends that the district court abused its discretion by denying her alimony.  As already noted, like the division of marital assets, decisions concerning alimony are committed to the sound discretion of the district court.  *Kamm,* ¶ 3, 365 P.3d at 780-81.  The same statute that governs the division of marital property also provides for an award of alimony:

> The court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability to pay and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by either party.

Wyo. Stat. Ann. § 20-2-114(a).

[¶18]  This Court has explained that the "purpose of alimony is to provide a post-divorce substitute for the support provided to a spouse during the marriage." *Johnson v. Johnson*, 11 P.3d 948, 951 (Wyo. 2000).  "It is for the support and maintenance of a former spouse who is unable to adequately provide for him/herself." *Id.*  We have also made clear that "[a]n award of property is a preferable modern substitute for alimony." *Id.*  While alimony may be a necessity in some cases, the common approach is not to award a spouse a perpetual claim on the earnings of the other — if at all possible, divorce should provide the parties with an opportunity to start a new chapter in their lives. *Stevens v. Stevens*, 2014 WY 23, ¶ 15, 318 P.3d 802, 807-08 (Wyo. 2014).

[¶19]  The uncontroverted evidence established that Husband's railroad income goes mostly to the debt on his property and other expenses, leaving little for discretionary spending.  *See Kamm*, ¶¶ 12-13, 365 P.3d at 783 (considering the requite factors and denying requested alimony).  This factor weighs in favor of the district court's decision not to award alimony.

[¶20]  We must next consider Wife's need for alimony.  *See id.* ¶¶ 14-15, 365 P.3d at 783-84 (finding wife could work, which factored in to the denial of alimony).  The district court considered the evidence concerning Wife's income during the marriage (which supported her independent of Husband's earnings) and her continued ability to obtain gainful employment.  Ultimately, the district court concluded that Wife could work in an office setting after her back surgeries, but that she has chosen not to.  Our review of the record confirms that this finding is supported by the evidence.

[¶21]  Lastly, the division of property eliminates any possibility that the district court abused its discretion in not awarding alimony.  *See id.* ¶ 16, 365 P.3d at 784.  As set forth

4

above, the district court awarded each party the residence he or she had acquired, and it also gave Wife a fair portion of Husband's railroad retirement account. While there was some equity left in Husband's home on County Road 215A, there was none left in Wife's 18th Street property because during the pendency of this case she drew a large sum against it through a HELOC.

[¶22] In sum, the decision was reasonable, and the district court therefore acted within its discretion in deciding that alimony was unwarranted to even up the division of marital assets and liabilities.

[¶23] Affirmed.