# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 42

OCTOBER TERM, A.D. 2019

March 24, 2020

STEVEN WYNNE MALLI,

Appellant
(Defendant),

v.

S-19-0198

JONELA SKYE MALLI,

Appellee
(Plaintiff).

*Appeal from the District Court of Sheridan County*
*The Honorable John G. Fenn, Judge*

*Representing Appellant:*
Stacy M. Kirven, Kirven Law, LLC, Sheridan, Wyoming.

*Representing Appellee:*
Seth Shumaker, Seth Shumaker Attorney at Law, Sheridan, Wyoming.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    For the eighteen years of their marriage, Steven and Jonela Malli lived on a 160-acre parcel of land owned by Mr. Malli's parents.  In 2017, Mr. Malli's parents deeded the parcel to Mr. Malli.  In 2018, Mrs. Malli filed for divorce.  After a bench trial, the district court entered a divorce decree in which it awarded the 160-acre parcel to Mrs. Malli and required Mr. Malli to satisfy any unpaid property taxes.  The district court noted that it had considered Mrs. Malli's requests for an award of attorney's fees during the proceedings in arriving at its division of property.  Mr. Malli contends the district court erred in awarding the parcel to Mrs. Malli, and he challenges the division of debt.  He also claims the district court erred when it considered attorney's fees in making its property division.

[¶2]    We affirm.

## ISSUES

[¶3]    We condense and rephrase the appellant's issues as follows:

> 1. Did the district court abuse its discretion in its property division and assignment of debt?
>
> 2. Did the district court abuse its discretion in considering attorney's fees as a factor in its property division?

## FACTS

[¶4]    Mr. and Mrs. Malli married on May 12, 2001.  They had three children and made a living from their owner-operated trucking company and by running a small herd of cows.  Mrs. Malli was the primary caregiver for the children and sporadically held various jobs outside the home.[1]  The parties had limited assets.

[¶5]    Mr. Malli's parents owned a 160-acre parcel of land that has been in Mr. Malli's family for many years and adjoins other land owned by his parents or relatives.  With permission from Mr. Malli's parents, the parties placed a manufactured home on the parcel and resided at this location throughout their marriage.  In 2017, Mr. Malli's parents deeded the 160-acre parcel to Mr. Malli in his name only.

---

[1] Mrs. Malli worked as a bus driver, rural mail carrier, convenience store clerk, and janitor.  At the time of trial, she was employed as a substitute teacher and hoped to begin a certified nursing assistant program.

[¶6]   During the marriage, Mr. Malli purchased a one-quarter interest in land located in Campbell County, Wyoming, also owned by his family (Campbell County land).  His interest was valued at $91,385.  Mr. Malli financed the purchase with a loan from his mother.[2]   Mrs. Malli owns a one-half interest in grazing land in Montana that she inherited from her family, valued at $44,136.00.  The parties owned their home situated on the 160-acre parcel, but no definitive evidence of its value was presented to the district court.[3]   The marital estate consisted almost entirely of the real property and the trucking and cattle operations.

[¶7]   Mrs. Malli filed for divorce in 2018.  Over the course of the proceedings, Mr. Malli largely failed to comply with discovery requirements.  Mrs. Malli requested financial affidavits, revenue information from the businesses, income verification, and tax documents.  Mr. Malli submitted a financial affidavit with an attachment entitled "Estimated Tax Report," but the income portion of the affidavit was blank, and the expenses were not supported by evidence.  He refused to provide an itemization of assets that he had transferred or disposed of after the parties separated.  As a result, Mrs. Malli filed three contempt of court motions asking for sanctions.  Wyoming Rule of Civil Procedure 37 authorizes the court to order the disobedient party to pay reasonable expenses or attorney's fees, and while Mrs. Malli asked for these, the district court did not award attorney's fees or costs.

A.    Bench Trial

[¶8]   The parties participated in mediation and reached an agreement as to child custody and visitation, but reserved issues of property and debt division for trial.[4]   The district court held a one-day bench trial on April 15, 2019.

[¶9]   A significant portion of the proceedings was devoted to ascertaining the extent of the marital estate.[5]   Mrs. Malli testified that Mr. Malli concealed, transferred, and sold off personal and marital assets while the divorce was pending.  After the parties separated, Mr. Malli removed the cows from the marital property, and Mrs. Malli could not keep track of them.  She claimed Mr. Malli attempted to conceal the number of cows the parties owned by branding calves with his mother's brand.  Mrs. Malli testified he blocked her from outbuildings where property was stored by locking the doors and

---

[2] At the time of trial, Mr. Malli had made no payments on the $42,450 loan.
[3] Mrs. Malli estimated at trial that the home is valued at $50,000 and subject to a mortgage of roughly $58,888 to $60,000.
[4] On the morning of trial, Mr. Malli asked the district court to revisit the custody and visitation agreement as to the middle child.  Mrs. Malli also orally renewed her last motion for a protective order, default, and sanctions, and this motion was taken under advisement.
[5] The parties had not filed taxes for approximately ten years before Mrs. Malli initiated the divorce proceedings, and only their 2017 return was of record.

parking a vehicle in front of an entrance. She asserted that Mr. Malli prevented her from inventorying the contents of the parties' semi-truck, which led to a physical altercation where Mr. Malli grabbed her by the throat and pushed her. She claimed that Mr. Malli restricted her access to financial records and that he confiscated and possibly burned documents related to the trucking company. She testified that in 2017, Mr. Malli took her name off their shared business and checking accounts.

[¶10] In contrast, Mr. Malli asserted that any assets he transferred were not concealed but sold as part of their oldest son's business selling and trading items online. Mr. Malli testified that it was not unusual for him to brand the cows with other family members' brands. He admitted that he had placed locks on certain outbuildings and blocked one with a vehicle but claimed he did so to prevent Mrs. Malli from removing property stored in those buildings. Mr. Malli agreed that he had prevented Mrs. Malli from inventorying the semi-truck but denied the physical altercation. He provided no explanation for the expenses listed on his affidavit and did not offer any business records into evidence at trial. He stated he did not know the annual revenue of the businesses and had never kept track of those figures.

## B. Decree of Divorce

[¶11] The district court entered a Decree of Divorce on May 31, 2019, awarding primary physical custody of two children to Mrs. Malli, primary custody of one child to Mr. Malli, and ordering Mr. Malli to pay child support. At issue here is the district court's division of the marital property and debts.

[¶12] The district court adopted Mrs. Malli's proposed division of personal assets and observed that the Mallis had very few marital assets to divide. It found that because Mr. Malli "has sold, transferred, or hidden assets while this action was pending, and likely throughout the marriage," that "[t]he exact amount of marital property can likely not be determined." The court awarded the 160-acre parcel and home to Mrs. Malli subject to the indebtedness thereon, stating "[w]hile the Court appreciates that the [160-acre parcel] has been in [Mr. Malli's] family for many years, the parties do not have other known assets that could comprise [Mrs. Malli's] equitable share of the marital estate." The court awarded Mr. Malli the parties' business assets, noting "he will be able to continue operating his businesses as he has in the past. [Mrs. Malli] is having to start over, and will have to find a completely new income stream." The court then awarded Mrs. Malli her interest in the Montana land and granted Mr. Malli his interest in the Campbell County land. In a footnote, the district court noted it had considered attorney's fees in its property division.[6] Regarding division of debt, the court found that it was unclear

---

[6] Footnote 12 of the Decree of Divorce states:

whether the parties owed unpaid property taxes on the 160-acre parcel, and in what amount. It concluded "[i]n the event that these debts exist," they "should be assigned to [Mr. Malli]." It assigned all other debts on the home and 160-acre parcel to Mrs. Malli.

[¶13]  Mr. Malli timely appealed.

## *STANDARD OF REVIEW*

[¶14]  The disposition of marital property is committed to the sound discretion of the district court. "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Kamm v. Kamm*, 2016 WY 8, ¶ 3, 365 P.3d 779, 780–81 (Wyo. 2016) (citations omitted). The focus of our analysis is whether the district court could reasonably conclude as it did. *Porter v. Porter*, 2017 WY 77, ¶ 12, 397 P.3d 196, 198 (Wyo. 2017). In determining this question, "we consider only the evidence in favor of the successful party, ignore the evidence of the unsuccessful party, and grant to the successful party every reasonable inference that can be drawn from the record." *Id.* (citation omitted). We will find an abuse of discretion only when "the property disposition shocks the conscience of this court and appears to be so unfair and inequitable that reasonable people cannot abide it." *Long v. Long*, 2018 WY 26, ¶ 22, 413 P.3d 117, 125 (Wyo. 2018) (citations omitted).

## *DISCUSSION*

**I.**     ***Did the district court abuse its discretion in its property division and assignment of debt?***

**A.**    **Division of Property**

[¶15]  Mr. Malli first argues that the district court abused its discretion when it awarded Mrs. Malli the 160-acre parcel. He contends that because the land was a gift to him from his parents, it should have been awarded to him.

---

The Court notes that [Mr. Malli] repeatedly failed to comply with the Court's discovery orders, and an award of attorney's fees is usually appropriate for such violations. However, in this case the Court doubts that [Mr. Malli] would actually pay the attorney's fees, and such an award would only lead to further litigation. The Court took this into consideration when making its decision on property division, and it awarded [Mrs. Malli] enough assets that she should be able to pay her own attorney's fees.

4

[¶16] The trial court is vested with considerable discretion to fashion a property distribution "appropriate to the peculiar circumstances of the case," given that it is in a better position than the appellate court to judge the respective merits and needs of the parties. *McMurry v. McMurry*, 2010 WY 163, ¶¶ 8–9, 245 P.3d 316, 319–20 (Wyo. 2010) (citation omitted). Wyoming Statute § 20-2-114 governs the distribution of property upon divorce. It directs that:

> the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children.

Wyo. Stat. Ann. § 20-2-114(a) (LexisNexis 2019). There are no specific guidelines as to the weight the district court must afford the statutory considerations when making a property division. *Wallop v. Wallop*, 2004 WY 46, ¶ 26, 88 P.3d 1022, 1030 (Wyo. 2004); *Paul v. Paul*, 616 P.2d 707, 712 (Wyo. 1980) ("There are 'no hard and fast rules' governing property divisions." (internal quotation omitted)). The statute does not require an equal division of property, and we have said "a just and equitable division is as likely as not to be unequal." *McMurry*, ¶ 8, 245 P.3d at 319 (citing *Warren v. Warren*, 361 P.2d 525, 526 (Wyo. 1961)).

[¶17] Here, the district court considered each guideline in Wyo. Stat. Ann. § 20-2-114. *See Johnson v. Johnson*, 2020 WY 18, ¶ 23–24, 458 P.3d 27, 36 (Wyo. 2020). First, the district court looked to the "merits of the parties" and considered "each party's role in, and contributions to, the marriage and the property," focusing on the parties' joint efforts toward the trucking and ranching businesses and Mrs. Malli's role as primary caregiver for the children. *Id.* ¶ 23, 458 P.3d at 36 (citation omitted). It also weighed "the condition in which [the parties] will be left by the divorce"—the second factor. Wyo. Stat. Ann. § 20-2-114(a). It noted that Mr. Malli received most of the business assets, and "he will be able to continue operating his businesses as he has in the past." In contrast, the court found Mrs. Malli would have to find "a completely new income stream" given her inconsistent employment history outside the family businesses and her role as a stay-at-home mother. Mr. Malli primarily takes issue with the district court's treatment of the third factor, which requires the court to "hav[e] regard for . . . the party through whom the property was acquired." Wyo. Stat. Ann. § 20-2-114(a).

[¶18] The district court considered the source of the 160-acre parcel, acknowledged that Mr. Malli had received it from his parents, and that it had been in his family for generations. It noted the parties did not have assets other than the 160-acre parcel "that could comprise [Mrs. Malli's] equitable share of the marital estate." Mr. Malli correctly argues that "property, which was inherited by or given to that party, can properly be

5

awarded to the party by whom it was inherited or given." *Wallop*, ¶ 15, 88 P.3d at 1028 (citations omitted). What he fails to recognize is that the source of the property is not dispositive. Property can be awarded to one party even when the other spouse acquired it by gift or inheritance during the marriage. *See, e.g.*, *Zaloudek v. Zaloudek*, 2009 WY 140, ¶ 16, 220 P.3d 498, 502 (Wyo. 2009); *Humphrey v. Humphrey*, 2007 WY 72, ¶¶ 13, 15, 157 P.3d 451, 454–55 (Wyo. 2007); *Stoker v. Stoker*, 2005 WY 39, ¶ 28, 109 P.3d 59, 67 (Wyo. 2005); *McCulloh v. Drake*, 2001 WY 56, ¶ 15, 24 P.3d 1162, 1168 (Wyo. 2001). In considering the disposition of a gift or inheritance in the division of property, we have said:

> [a] reading of the statute indicates that the party through whom the property was acquired is *one* of the multiple factors the trial court considers in determining the appropriate division of property. In *McCulloh*, we made it clear that property inherited by one party *can* be awarded to the party by whom it was inherited or given. *McCulloh*, at ¶ 15. But we did not hold that property inherited by one spouse must always be awarded to the spouse that received it. . . . We have never established bright line rules for the disposition of a gift or inheritance . . . . Instead, we review whether the trial court considered the appropriate factors in making the disposition. The particular circumstances of the case dictate the property distribution.

*Breitenstine v. Breitenstine*, 2003 WY 16, ¶ 9, 62 P.3d 587, 590–91 (Wyo. 2003) (some citations omitted).

[¶19] The district court awarded property in a division it considered to be fair and equitable after applying the factors set forth in Wyo. Stat. Ann. § 20-2-114. The district court did not abuse its discretion.

## B. Assignment of Debt

[¶20] We turn next to Mr. Malli's argument that the district court erred in its allocation of debt. He contends that the district court contradicted itself when it awarded Mrs. Malli the 160-acre parcel and home "subject to the indebtedness thereon" and then assigned any unpaid property tax on the parcel to Mr. Malli.

[¶21] The district court can award assets and assign debt to either party as part of its equitable division of the marital estate. *Dane v. Dane*, 2016 WY 38, ¶ 31, 368 P.3d 914, 920 (Wyo. 2016); Wyo. Stat. Ann. § 20-2-114. "In fact, a trial court is obliged to take all marital property into account when deciding how to allocate marital property," including the parties' debts. *Hoffman v. Hoffman*, 2004 WY 68, ¶ 12, 91 P.3d 922, 925–26 (Wyo.

6

2004). A property division necessarily includes disposition of both "marital assets and liabilities," and the trial court has broad discretion to consider the debts of the parties in fashioning an equitable award of property. *Id.*

[¶22] The court heard testimony on two potential liabilities associated with the house and 160-acre parcel. The evidence as to amount due on the home was vague, and evidence as to any unpaid property taxes on the parcel was equally unclear. The district court awarded Mrs. Malli the parcel and marital home "subject to the indebtedness thereon." The district court's use of the phrase "the indebtedness" indicates that it considered all debt, including the possibility of debt not known to the court. Then, the court made an exception to the broad assignment when it ordered that "[Mr. Malli] shall be individually liable for any unpaid property taxes relating to the [160-acre parcel] through June 1, 2019." In plain terms, the district court required Mrs. Malli to be responsible for all debt except any unpaid property taxes, which Mr. Malli was ordered to pay. There is no contradiction in ordering one party to be responsible for all indebtedness except the property taxes. *See Hoffman*, ¶¶ 14–16, 91 P.3d at 926. The district court did not abuse its discretion.

## II. Did the district court abuse its discretion in considering attorney's fees as a factor in its property division?

[¶23] Mr. Malli claims that the district court improperly considered attorney's fees in making its property division. In a footnote, the district court noted that Mr. Malli repeatedly failed to comply with discovery orders and that, normally, sanctions would be appropriate. The court noted its concern that Mr. Malli would not pay an award of attorney's fees and such an award would lead to future litigation. It "took this into consideration when making its decision on property division, and it awarded [Mrs. Malli] enough assets that she should be able to pay her own attorney's fees." Mr. Malli contends the footnote indicates that the property division was punitive, and that Mrs. Malli, who was represented by a pro bono attorney, had "no attorney's fees to pay."[7]

[¶24] In considering attorney's fees in conjunction with other factors, the district court was "balanc[ing] the equities of the whole property division between the parties." *Ebeling v. Ebeling*, 782 P.2d 584, 585 (Wyo. 1989). "Whether the district court's property division is just and equitable is evaluated from the perspective of the overall distribution of marital assets and liabilities rather than the effects of any particular disposition." *Moss v. Moss*, 2007 WY 67, ¶ 4, 156 P.3d 316, 317–18 (Wyo. 2007). The district court did not abuse its discretion.

---

[7] Mrs. Malli was represented by an attorney from the Wyoming Coalition Against Domestic Violence and Sexual Assault.

## *CONCLUSION*

[¶25]   The district court did not abuse its discretion in the disposition of property or in its consideration of attorney's fees.

[¶26]   Affirmed.