# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 77

### APRIL TERM, A.D. 2020

### June 18, 2020

ELIZABETH SUE BEGLEY,

Appellant
(Defendant),

v.

S-19-0247

PATRICK GORDON BEGLEY,

Appellee
(Plaintiff).

*Appeal from the District Court of Park County*
The Honorable William J. Edelman, Judge

*Representing Appellant:*
Rennie Phillips Polidora, Jacobs Polidora, LLC, Laramie, Wyoming.

*Representing Appellee:*
Michael E. Begley, Salt Lake City, Utah.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]    Elizabeth Sue Begley (Wife) and Patrick Gordon Begley (Husband) divorced in 2014.  In 2019, Husband filed a motion asking the district court to order Wife to sign a joint return for their 2013 federal income tax and pay half of the tax and all penalties and interest.  The court ordered Wife to sign the joint return and to pay half of the tax and ordered Husband to pay the other half of the tax and all penalties and interest.  Wife claims the district court did not have authority to compel her to sign the joint tax return and it abused its discretion by ordering her to pay half of the tax.

[¶2]    We affirm.

**ISSUES**

1.  Did the district court have authority to order Wife to sign the joint income tax return?

2.  Did the district court abuse its discretion by ordering Wife to pay half of the tax without considering the entire property and debt distribution?

**FACTS**

[¶3]    As part of their 2014 divorce, the parties stipulated to the disposition of their marital property.  They could not, however, agree on how to divide the marital debt.  The divorce decree stated:

> The parties are ordered to mediate the division of marital debt within 45 days of the date of this decree.  If such mediation is successful, then the parties shall present the Court with an order incorporating the agreement for debt division.  If the mediation is unsuccessful, then either party may request a trial setting, which trial shall be limited to the issue of division of the parties' debt.

[¶4]    After mediation, the parties reached an agreement on the allocation of their debt except the income tax liability for 2013, which had not yet been determined.  Husband subsequently hired an accountant to prepare a joint income tax return, which showed a tax liability of approximately $10,000, including penalties and interest.  Wife refused to sign the joint return.

[¶5]    In March 2019, Husband filed a motion for an order requiring Wife to sign the joint return and to pay half of the tax or, in the alternative, to order Wife to pay the additional tax liability "engendered by her refusal" to sign the joint return.  Wife responded, arguing

1

the district court did not have the authority to require her to sign a joint return and she should not be responsible for the tax debt because it resulted from Husband's failure to pay taxes on his earnings. The district court held a hearing in April 2019, which addressed the tax issue and other matters not at issue here. Husband testified the balance then due on the 2013 taxes was approximately $15,000.

[¶6]     After the hearing, the district court ordered Wife to sign the 2013 joint tax return. It ruled the parties were each responsible for half of the tax and Husband was responsible for the penalties and interest. The district court's written order addressed the tax issue as follows:

> 14.     [Wife] shall sign [the joint] 2013 Tax Return so that [Husband's] tax burden is lower.
>
> 15.     [Wife] shall be responsible for half (50%) of the actual tax liability for 2013.
>
> 16.     [Husband] shall be responsible for all penalties and fines that have accrued.[1]

(footnote added).  Wife appealed.

## DISCUSSION

### 1. Did the district court have authority to order Wife to sign the joint income tax return?

[¶7]     Whether the district court had authority to order Wife to sign a joint income tax return is a question of law subject to de novo review. *Bursztyn v. Bursztyn,* 879 A.2d 129, 134 (N.J. Ct. App. 2005) ("The court's authority to compel plaintiff to execute joint tax returns with defendant raises a legal issue which we review de novo.") (italics omitted); *In re Marriage of Solis-Cantrill,* 2016 IL. App. 3d 150716, *4 (Ill. App. Ct. 2016) (unpublished) ("[T]he court's authority to compel the joint filing" of a federal income tax return "involves a question of law for our de novo review.") (italics omitted). *See generally, Walker v. Walker,* 2013 WY 132, ¶ 36, 311 P.3d 170, 177-78 (Wyo. 2013) (a court's authority to award a judgment for amounts owed under a divorce decree is a question of law reviewed de novo).

---

[1] The district court's oral ruling assigned the penalties and interest to Husband.  The written order addresses penalties and fines, without mentioning interest.  Husband acknowledges in his brief that he is responsible for the accumulated interest.

2

[¶8]    Nothing in federal tax law prohibits a state divorce court from requiring a spouse to sign a joint tax return. *See* 26 U.S.C. § 6013; *Butler v. Simmons-Butler*, 863 N.W.2d 677, 692 (Mich. Ct. App. 2014). However, appellate courts across the country differ on whether state trial courts have authority to order a spouse to file or sign a joint federal income tax return.

[¶9]    Before we examine the cases, it is worthwhile to consider some basic characteristics of jointly filed federal income tax returns. Under the federal tax code, a husband and wife may file a joint income tax return. 26 U.S.C. § 6013(a). In general, married people receive more favorable tax treatment by filing jointly. *Butler*, 863 N.W.2d at 690; *Bock v. Dalbey*, 815 N.W.2d 530, 533 (Neb. 2012). However, each married individual has the right to choose whether to file jointly or separately. 26 U.S.C. §§ 6012, 6013; *Leftwich v. Leftwich*, 442 A.2d 139, 144 (D.C. Ct. App. 1982) (citing *Heim v. Commissioner*, 251 F.2d 44, 47 (8th Cir. 1958)). When a couple files jointly, "the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." 26 U.S.C. § 6013(d)(3).

[¶10]   Turning to the cases, Wife cites to *Leftwich* and *Bock* in support of her position that the district court did not have authority to order her to sign the joint return. In *Leftwich*, 442 A.2d at 144-45, the District of Columbia Court of Appeals ruled the trial court did not have discretion to order a party to sign a joint tax return. The *Leftwich* court stated that allowing a trial court to order a party to sign a joint return "would nullify the right of election conferred upon married taxpayers by the Internal Revenue Code." *Id.* at 145. It would also require the party to take on joint and several liability for tax that he or she may not individually owe. *See id. See also, Matlock v. Matlock*, 750 P.2d 1145, 1145-46 (Okla. Civ. App. 1988) (trial court cannot compel parties to file a joint return because the tax code gives them the option of filing jointly or separately); *In re Marriage of Butler*, 346 N.W.2d 45, 47 (Iowa Ct. App. 1984), *overruled on other grounds by In re Marriage of Hoffman*, 493 N.W.2d 84, 89 (Iowa Ct. App. 1992) (same).

[¶11]   In *Bock*, 815 N.W.2d at 536-37, the Nebraska Supreme Court agreed with *Leftwich* and ruled a trial court cannot compel a party to file a joint tax return. The court noted that, under 26 U.S.C. § 6013(d)(3), spouses filing a joint tax return are jointly and severally liable for the full tax debt. *Id.* at 533. The court also stated that federal tax courts are not bound by a state court's allocation of the tax among the debtors. *Id.* at 535. The court ruled when a party "unreasonably" refuses to sign a joint return, the trial court can address the greater tax burden on the marital estate by adjusting the disposition of the marital property. *Id.* at 537.

[¶12]   Wife also claims *Banks v. Banks*, 648 So.2d 1116 (Miss. 1994), supports her view. *Banks* did not state, as a matter of law, that a court is precluded from ordering divorcing parties to sign a joint tax return. The primary issue in that case was whether a provision in the parties' settlement agreement required the wife to sign joint tax returns. The

3

Mississippi Supreme Court ruled that, under the language of the agreement, the wife was not required to sign the return. *Id.* at 1122. It also noted other reasons the wife should not have to sign the return, including that it would expose her to joint and several liability for the tax without any potential benefit to her, the husband had a history of not complying with court orders, and the husband was at fault for the tax problem. *Id.* at 1122-23. This discussion seems to indicate that, under other circumstances, a Mississippi court may have the discretion to order a spouse to sign a joint tax return. In fact, in *Fitzgerald v. Fitzgerald,* 914 So.2d 193, 198-99 (Miss. Ct. App. 2005), a Mississippi appellate court distinguished *Banks* and specifically recognized trial courts have discretion to order divorcing parties to file joint tax returns.

[¶13] Other jurisdictions expressly hold a court has discretion to order a party to sign a joint tax return as part of its equitable powers to distribute marital assets and liabilities. In *Bursztyn,* 879 A.2d at 136, the New Jersey appellate court ruled:

> [W]e conclude that trial courts should have discretion to compel the filing of joint tax returns. In New Jersey, the Legislature has directed courts to consider the tax consequences of their rulings on alimony and equitable distribution. *N.J.S.A.* 2A:34-23(b)(12); *N.J.S.A.* 2A:34-23.1(j). Moreover, we have stressed the broad discretionary powers of the Chancery Division in matrimonial actions, even with respect to federal tax issues. *Gwodz v. Gwodz,* 234 N.J.Super. 56, 60-63, 560 A.2d 85 (App.Div.1989). Therefore, it seems reasonable that courts should consider the effect upon the marital estate of filing joint or separate tax returns, and, where appropriate, preserve the marital estate by compelling joint returns.
>
> We do not find persuasive the argument that individuals have a federal statutory right to choose whether to file joint or separate income tax returns which may not be abridged by state courts. In matrimonial actions, courts routinely issue orders which have significant effects on individuals' rights. For example, courts may infringe upon a parent's right to relocate from one state to another. By contrast, limiting an individual's statutory right to choose between filing a joint or individual federal income tax return seems a minor intrusion.
>
> On the other hand, we are persuaded by the argument that there may be less intrusive options for remedying any perceived disadvantage to filing separate income tax returns.

4

> For example, courts may make up for a reduced tax savings by altering the equitable distribution of marital property.
>
> As a result, we hold that trial courts in New Jersey have discretionary authority to compel parties in divorce proceedings to file joint tax returns. Whether it is appropriate to compel that result will depend upon the facts presented in any given case. In general, we believe trial courts should avoid compelling parties to execute joint tax returns because of the potential liability to which the parties would be exposed, and because there generally exists a means by which to compensate the parties for the adverse tax consequences of filing separately.

*Id.* at 136-37. *See also, Butler,* 863 N.W.2d at 692 (trial courts have discretion to order a party to sign a joint tax return); *Cox v. Cox,* 704 S.W.2d 171, 173 (Ark. Ct. App. 1986) (in the exercise of its equitable jurisdiction, a trial court can require a party to sign a joint tax return); *In re Marriage of Lafaye,* 89 P.3d 455, 461 (Colo. Ct. App. 2003) (trial court had discretion to order the wife not to amend previously filed joint returns); *Theroux v. Boehmler,* 410 N.W.2d 354, 356 (Minn. Ct. App. 1987) (trial court had discretion to order the parties to file a joint tax return to prevent an unnecessary tax burden from depleting the marital estate); *Wheaton-Dunberger v. Dunberger,* 629 A.2d 812, 817 (N.H. 1993) (trial court had discretion to order a party to sign a joint return, but it properly refused to exercise its discretion under the circumstances of the case); *Bowen v. Bowen,* 725 N.E.2d 1165. 1178-79 (Ohio Ct. App. 1999) (trial court had discretion to order the parties to file a joint tax return).

[¶14]  We find the line of cases holding that a court has discretion to order a party to sign a joint tax return more persuasive and aligned with our precedent.  We have consistently recognized trial courts have broad discretion to justly and equitably divide marital property and debt in a divorce.  *Stevens v. Stevens,* 2014 WY 23, ¶ 7, 318 P.3d 802, 805 (Wyo. 2014).  *See also, Malli v. Malli,* 2020 WY 42, ¶ 21, 460 P.3d 245, 250 (Wyo. 2020) (when a court distributes marital property to divorcing parties, it necessarily includes both marital assets and liabilities) (citations and quotation marks omitted); *Dane v. Dane*, 2016 WY 38, ¶¶ 29-31, 368 P.3d 914, 919-20 (Wyo. 2016) (the district court awards assets and assigns debt to the parties in equitably dividing the marital estate).

[¶15]  As part of the task of distributing marital property and debts, the district court is required to consider nonspeculative federal income tax ramifications of the disposition. *Dice v. Dice,* 742 P.2d 205, 207-08 (Wyo. 1987).  *See also, Blanchard v. Blanchard,* 770 P.2d 227, 229 (Wyo. 1989) (recognizing holding in *Dice*).  *But see, Hall v. Hall,* 2005 WY 166, ¶¶ 15-18, 125 P.3d 284, 288-89 (Wyo. 2005) (upholding the district court's refusal to consider speculative tax consequences of a property disposition).  In a similar vein, courts

5

routinely determine which party may claim a federal income tax credit for a dependent. *See, e.g.*, *Meehan-Greer v. Greer,* 2018 WY 39, ¶ 38, 415 P.3d 274, 284 (Wyo. 2018); *Kidd v. Kidd,* 832 P.2d 566, 570-71 (Wyo. 1992). *See also, Leseberg v. Taylor,* 2003 WY 131, ¶¶ 6-9, 78 P.3d 201, 202-03 (Wyo. 2003) (federal law does not prohibit district courts from allocating the dependent tax credit as part of divorce proceedings).

[¶16] Like the New Jersey court in *Bursztyn,* 879 A.2d at 136, we do not perceive that removing a spouse's choice to file a joint or individual federal income tax return is a significant imposition on his or her rights. Divorce decrees often impose obligations upon parties. For example, a trial court may order divorcing parties to sell real property or pay debt. *Parsons v. Parsons,* 2001 WY 62, ¶¶ 5-7, 12, 27 P.3d 270, 271-72 (Wyo. 2001) (parties ordered to sell real property); *Peak v. Peak,* 2016 WY 109, ¶ 19, 383 P.3d 1084, 1090 (Wyo. 2016) (husband ordered to pay debts). Some of the concerns about a party being held jointly and severally liable for the tax can be addressed with orders specifically setting out who shoulders the burden. If a party fails to comply with the order, he or she may be found in contempt of court.[2] *See, e.g.*, *Deede v. Deede,* 2018 WY 92, ¶ 3, 423 P.3d 940, 941 (Wyo. 2018) (husband adjudged in contempt of court for failing to pay debt as ordered in the divorce decree); *Olsen v. Olsen,* 2013 WY 115, ¶¶ 33-36, 310 P.3d 888, 895-96 (Wyo. 2013) (husband in contempt of court for failing to list property for sale so the proceeds could be used to pay off debt).

[¶17] However, we also hold that, because each spouse is jointly and severally liable for the entire tax and federal tax courts are not bound by a state court's allocation of tax debt, district courts should not routinely compel divorcing parties to sign joint tax returns. *See Bursztyn,* 879 A.2d at 137; *Bock,* 815 N.W.2d at 536. If possible, the court should address a situation where a party refuses to sign a joint return by adjusting the allocation of marital property to account for the increased tax burden occasioned by the refusal. *Bursztyn,* 879 A.2d at 137; *Bock,* 815 N.W.2d at 536. The trial court has discretion to determine how to handle the situation based upon the specific facts of each case. *Bursztyn,* 879 A.2d at 137.

[¶18] In this case, it was appropriate for the district court to order Wife to sign the joint return. The district court found Husband's overall tax would be lower if the parties filed jointly. The marital property was distributed long before the district court determined the 2013 tax issue. Therefore, there was no property for the district court to use to compensate Husband for Wife's refusal to sign the joint return. Wife's concern about being jointly and severally liable with Husband for the total tax debt can be addressed in contempt proceedings if Husband does not pay his share.

### 2. *Did the district court abuse its discretion by ordering Wife to pay half of the tax without considering the entire property and debt distribution?*

---

[2] 26 U.S.C. § 6015 provides a means for an individual who has filed a joint return to obtain relief from joint and several liability.

[¶19]   Wyo. Stat. Ann. § 20-2-114(a) (LexisNexis 2019) states the rule for disposing of a couple's marital property in a divorce:

> [I]n granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children.

[¶20]   Disposition of marital property is "committed to the sound discretion of the district court." *Porter v. Porter,* 2017 WY 77, ¶ 12, 397 P.3d 196, 198 (Wyo. 2017) (citing *Kamm v. Kamm,* 2016 WY 8, ¶ 3, 365 P.3d 779, 780-81 (Wyo. 2016)).  Thus, we review the district court's decision for abuse of discretion, and we "'will not disturb a property division in a divorce case, except on clear grounds, as the trial court is usually in a better position than the appellate court to judge the parties' needs and the merits of their positions.'" *Bagley v. Bagley,* 2013 WY 126, ¶ 7, 311 P.3d 141, 143 (Wyo. 2013) (quoting *Metz v. Metz,* 2003 WY 3, ¶ 6, 61 P.3d 383, 385 (Wyo. 2003)).  *See also*, *Cross v. Cross,* 586 P.2d 547, 549 (Wyo. 1978) ("This court steadfastly and repeatedly has refused to readjudicate property divisions made in divorce cases.").  We will find an abuse of discretion only when "the property disposition shocks the conscience of this court and appears to be so unfair and inequitable that reasonable people cannot abide it." *Long v. Long*, 2018 WY 26, ¶ 22, 413 P.3d 117, 125 (Wyo. 2018) (citations and quotation marks omitted).  *See also, Hall*, ¶ 5, 125 P.3d at 286 ("'The result reached by the trial court will not be disturbed except on clear grounds in extreme cases.'") (quoting *Barney v. Barney,* 705 P.2d 342, 344 (Wyo. 1985)).  In determining whether the district court abused its discretion, "'we consider only the evidence in favor of the successful party, ignore the evidence of the unsuccessful party, and grant to the successful party every reasonable inference that can be drawn from the record.'" *Malli,* ¶ 14, 460 P.3d at 249 (quoting *Porter,* ¶ 12, 397 P.3d at 198) (other citation omitted).

[¶21]   Wife asserts the district court abused its discretion by failing to consider the entire property and debt distribution in determining how to allocate the 2013 tax debt.  In a typical case, the determination of whether a property distribution is equitable is considered "from the perspective of the overall distribution of marital assets and liabilities rather than from a narrow focus on the effects of any particular disposition." *Hoffman v. Hoffman,* 2004 WY 68, ¶ 12, 91 P.3d 922, 926 (Wyo. 2004) (citing *Carlton v. Carlton,* 997 P.2d 1028, 1032 (Wyo. 2000)).

[¶22] However, this is not a typical case. Instead of making a global disposition of all the marital assets and liabilities, the district court entered a decree, stipulated to by the parties, that only divided the marital property. The stipulated decree specifically stated the court found the property division to be equitable. The decree also provided the parties would mediate how to divide the marital debt. It stated that if they could not agree, the court would hold a trial "limited to the issue of division of the parties' debt." Thus, the parties and the district court separated the disposition of the assets from the debt. Then, the parties agreed to disposition of all the debt except the 2013 income taxes. The effect of the parties' agreements was that the 2013 tax issue would be decided on a level playing field, without consideration of the earlier property and debt distributions.

[¶23] Because of the piecemeal way the various issues were decided, the district court rightfully judged the tax issue on its own merits. We note that piecemeal litigation of divorces should be avoided. Except in rare cases, "all issues in a divorce should be resolved in a single decree." *Loran v. Loran,* 2015 WY 24, ¶ 10 n.1, 343 P.3d 400, 402 n.1 (Wyo. 2015). The district court could have, and likely should have, declined to accept the parties' proposal for piecemeal litigation. If it had required that all issues be determined at the same time, the district court could have considered altering the property division to account for the tax liability, saving the parties several years of continued litigation.

[¶24] The problems associated with piecemeal litigation are further demonstrated by Wife's request that we remand this case for the district court to review "the entire property settlement, including the 2013 tax debt, so that an equitable distribution can be made." The property and other debt were distributed by prior agreements and orders. If we were to accept Wife's proposal to reopen those matters, we would be allowing reconsideration of issues which were previously agreed to by the parties. Under the unique circumstances of this case, the district court did not abuse its discretion by considering the tax debt without taking into account the other aspects of the property distribution.

[¶25] Wife also argues the district court should have made a finding that its decision allocating the tax debt was equitable. Wife does not direct us to anything in the record indicating either party requested findings of fact and conclusions of law pursuant to Wyoming Rule of Civil Procedure 52(a)(1)(A). When no such request is made, "it shall not be necessary for the court to state its findings, except generally for the plaintiff or defendant." Rule 52(a)(1). *See also*, *Kimzey v. Kimzey,* 2020 WY 52, ¶ 38, 461 P.3d 1229, 1241 (Wyo. 2020) (without a request for findings of fact and conclusions of law, the district court was not required to make them); *Walker,* ¶¶ 40-41, 311 P.3d at 179 (same). Furthermore, "[a] general finding by the trial court carries with it every specific finding which is supported by the record." *Walker,* ¶ 41, 311 P.3d at 179. *See also, Root v. Root,* 2003 WY 36, ¶ 11, 65 P.3d 41, 45 (Wyo. 2003) ("'In the absence of special findings of fact, this court considers that the judgment of the trial court carries with it every finding of fact necessary to support the judgment and decree.'") (quoting *Barney,* 705 P.2d at

8

345).  Thus, the district court's ruling allocating the 2013 tax burden contained the implicit finding that the result was equitable.

[¶26]  Finally, Wife argues it is inequitable to require her to pay half of the taxes because the tax was on income earned by Husband, the parties were separated for most of 2013, Husband did not support her during the term of separation, and Husband is at fault for not timely paying the taxes.  Wife's argument incorporates her version of the evidence, which is contrary to our standard of review.  The evidence, when viewed in the light most favorable to Husband, supports the district court's decision.  The record indicates the parties lived together for part of 2013, separated, and then reconciled for a period in 2013 and 2014.  It is reasonable to infer Husband helped support Wife and the children during the times they lived together.  The district court took into account that Husband bore some fault for failing to timely resolve the tax problem by ordering him to pay the penalties and interest.  Given these facts, the district court did not abuse its discretion by splitting the tax between the parties and ordering Husband to pay all penalties and interest.

[¶27]  Affirmed.